ANNIE DEIERMANN, Respondent, v. BEMIS BROTHERS BAG COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. **APPEAL AND ERROR: Motions for New Trial Filed by Both Parties: Appeal Without Merit When One Motion is Sustained.** After a verdict in favor of plaintiff, both the plaintiff and defendant filed motions for a new trial. The court sustained plaintiff's motion but overruled defendant's motion. Defendant appealed. *Held*, that there was no merit in the appeal for a new trial having been granted, the case is put in condition so far as the trial court is concerned as if there had never been a trial, and this being what defendant wanted, he was not aggrieved by the action of the trial court in granting a new trial on plaintiff's motion.

1. **PRACTICE: New Trial: Res Adjudicata.** When a new trial is granted by a trial court, the rulings of the court in the former trial are in no sense *res adjudicata*.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

Seddon & Holland for appellant.

A. R. Taylor for respondent.

GRAY, J.—The plaintiff, an employee, sued defendant in the circuit court of the city of St. Louis, for damages, on account of personal injuries alleged

to have been sustained through defective appliances furnished by the defendant for her to work with, and in a trial before a jury, she recovered one thousand dollars. Both parties moved for a new trial. The plaintiff, on the ground of the inadequacy of the verdict, and the defendant, on the ground of failure of proof to impeach the release set forth in the answer. The court first sustained both motions and set aside the verdict and granted a new trial, but afterwards set aside that order and sustained the motion of the plaintiff and granted her a new trial, and at the same time overruled defendant's motion, and defendant appealed.

In the answer, defendant set forth a written contract, by the terms of which, for a valuable consideration, the plaintiff released the claim sued on. The reply alleged that the release was procured through fraud.

Section 806, Revised Statutes 1899, reads: "Any party to a suit aggrieved by any judgment in any civil cause, may take his appeal to a court having appellate jurisdiction from any order granting a new trial," etc.

The appellant assigns two reasons for disturbing the judgment of the circuit court. It is first claimed that the court erred in sustaining plaintiff's motion for new trial. We are at a loss to see how appellant is aggrieved thereby. If the court had sustained defendant's motion for new trial, the question of the amount of damages would have been open for adjustment on a new trial. The appellant was asking the court to grant a new trial, and if the court had sustained appellant's motion therefor, the former verdict would have been set aside and all matters before the court and jury on the first trial would have been open for consideration on the subsequent trial.

It is next claimed by the appellant that the court erred in overruling defendant's motion for new trial. The granting of a new trial sets aside the prior judgment on the verdict. [Lane v. Kingsbury, 11 Mo. 402.]

And on a new trial, the parties are at liberty to introduce new evidence, whether the former judgment was reversed on a question of law or fact, or both, and whether the case is a civil or criminal one.   [State v. Newkirk, 49 Mo. 472.]   Granting a new trial puts the case in condition, as far as the trial court is concerned, as if there had never been a trial, and no judgment could thereafter be rendered upon the merits until a trial was had.   [Hurley v. Kennally, 186 Mo. l. c. 228, 85 S. W. 357.]

If the court had sustained appellant's motion for new trial and overruled respondent's motion therefor, the case would have been in the identical condition that it was when the court overruled appellant's motion and sustained the respondent's.   And this being true, the appellant was not aggrieved by the action of the court in granting a new trial, and the appeal is without merit.

When the case is tried anew, the rulings of the court on the former trial are in no sense *res adjudicata* We will affirm the judgment.   All concur.