A. E. MYERS ET AL.; RESPONDENTS, v. L. E. FARIS, DEFENDANT, FLORAL HILLS, INC., GARNISHEE, APPELLANTS.—87 S. W. (2d) 455.

Kansas City Court of Appeals. October 7, 1935.

*George T. Hinde* and *Moore, Smith, Aughinbaugh & Ault* for respondents.

*I. Frank Rope* for appellant.

SHAIN, P. J.—In this cause the respondents brought suit in the justice of the peace court and secured judgment against the defendant on a promissory note. The defendant appealed to the circuit court and judgment on appeal was for the plaintiffs and against the defendant.

The judgment in the circuit court is recorded as of February 23, 1933. No appeal was taken from this judgment.

At the May term, 1933, of the circuit court execution was issued on the aforesaid judgment and the appellant herein was duly summoned with due process as garnishee. The summons of garnishment was made returnable to the said May term of court.

Within three days after the return day the plaintiffs in the case, respondents herein, filed interrogatories to the garnishee, appellant herein, with the clerk of the Jackson County Circuit Court. It ap-

pears that no other notice other than the filing with the clerk was given to the garnishee.

No answer to interrogatories was made and thereafter and at a subsequent term, to-wit, September term, 1933, of said court, the issues between the plaintiffs and garnishee were taken up and on the eighth day of that term, to-wit, September 19, 1933, the court on default of garnishee, plaintiffs waiving a jury, heard the cause and found the issues for the plaintiffs and rendered judgment against said garnishee in the sum of $394.33.

The record proper certified to this court only shows copy of judgment of September, 1933, and the order granting an appeal. This order recites that application for appeal was filed at the January term, 1934, of said court, to-wit, on January 31, 1934.

As per the showing of the record proper, the appeal is shown as an appeal from the judgment entered as a final judgment at the previous May term of said court.

The abstract of the record filed in this case shows that, at the November term of said court, to-wit, December 8, 1933, the garnishee, appellant herein, filed a motion to quash the aforesaid execution and garnishment.

It further appears that on January 5, 1934, another day of the November term, 1933, of said court, the said garnishee filed a motion to set aside the default judgment of September 19, 1933.

It is shown that the motion to quash the execution and judgment was heard by the court on December 8, 1933, and the motion was refused and overruled. It further appears that the motion to set aside default judgment was taken up by the court on January 13, 1934, by the judge of said court and said motion refused and overruled.

The appellant's abstract of the record, as to motion for new trial, reads as follows:

"Motion for rehearing and new trial was filed by garnishee at the regular January term, 1934, of said court and within four days after the overruling of garnishee's motion to set aside the default judgment, to-wit, January 17, 1934; and on January 20, 1934, at the regular January, 1934, term of said court, said motion was overruled and proper exceptions saved."

Under points and authorities, the appellant presents as follows:
"I.

"A judgment rendered against a garnishee prior to an interlocutory order of the court to pay the sum found in garnishee's possession, and belonging to the defendant, to the sheriff is premature and unauthorized and void.

"II.

"Before issues can be made between plaintiffs and garnishee, interrogatories must be exhibited to garnishee.

"III.

"When it appears from the record that the court had no jurisdiction either over the person or over the subject matter, the judgment in such case is void.

"IV.

"Judgment prematurely entered should be set aside."

### OPINION.

The record in this case presents inconsistency. The record proper presents a copy of judgment rendered at the September term, 1933, and the order granting the appeal is from the judgment as rendered at the September term, 1933, but recites upon its face that the application for appeal was filed at a subsequent term, to-wit, January term, 1934. From the record proper, we must conclude that the judgment rendered at the September term, 1933, became a final judgment and not subject to be appealed from at a subsequent term.

In an abstract of the record certified to by the attorney for the appellant alone, is made showing to the effect that a motion to quash the execution was filed at a subsequent term, to-wit, November term, 1933. This motion was taken up and refused and overruled at the said November term and there is no attempt shown to take an appeal at that term.

In a subsequent term, to-wit, January term, 1934, the abstract shows that motion to set aside default judgment was filed. This motion is shown as taken up at said term and same refused and overruled.

It appears further that at the said January term, 1934, the appellant filed a motion for rehearing and new trial in garnishee's motion to set aside default judgment.

At the aforesaid January term it is shown that the appellant filed what is designated as "Application and Affidavit for Appeal." This application appears as follows:

"Comes now the garnishee in the above-entitled cause and prays the court for an order granting it an appeal from the finding and decree of the court and the overruling of defendant's motion for a rehearing and new trial in said cause, and asks the court that an appeal be granted to the Kansas City Court of Appeals."

The only judgment shown to have been rendered herein is the judgment rendered at the September Term, 1933, therefore this application for appeal made at a subsequent term cannot work to bring that judgment before us for review, and further there is no

showing that any motion for rehearing as to judgment rendered at the aforesaid September Term, 1933, was ever duly filed and presented to the court.

From the showing in this case, we must conclude that the only thing before this court is an attempt at an appeal from the court's action in overruling the garnishee's motion to set aside a judgment that became a final judgment at the September Term, 1933, of the Jackson County Circuit Court.

In the absence of an express statute, no appeal lies from rulings on motions. [State ex rel. v. Goldstein, 209 Mo. App. 102.]

We find no statute authorizing an appeal from the overruling of a motion to set aside a judgment, where the judgment shows as regularly reached in accordance with established rules of procedure, as we conclude is shown in the case at bar. There is provision made for vacating judgment against one who does not appear when summoned, to-wit, Sections 1081, 1084, Revised Statutes of Missouri, 1929.

We conclude that the appellant herein has not followed the law in respect to vacating a default judgment.

As we conclude that the record before us presents nothing for us to review, we refrain from further discussion of points presented in the appellants' brief.

For reasons above given, the appeal herein is dismissed. All concur.