JOHN W. MCCLAIN and GRACE MCCLAIN v. KANSAS CITY BRIDGE COMPANY, a Corporation, Appellant.—88 S. W. (2d) 1019.

Division One, December 18, 1935.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, Richard S. Richter, John N. Monteith* and *Dean E. Wood* for appellant.

*Russell Field* and *Mosman, Rogers, Bell & Buzard* for respondents.

COLLET, J.—This case was certified to this court by the Kansas City Court of Appeals because of a conflict between the decision of that court and a previous decision of the Springfield Court of Appeals in Pfister v. Bagdett Construction Co. (Mo. App.), 65 S. W. (2d) 137.

Charles McClain, deceased, lost his life on February 28, 1933, through an accident, arising out of and in the course of his employment by appellant Kansas City Bridge Company by falling into the Missouri River and drowning. At the time of his death he was working on a pile driver which was mounted on a boat anchored in the Missouri River. The accident occurred at a point about a quarter of a mile north of the bridge between Leavenworth, Kansas, and Leavenworth, Missouri, and a distance variously fixed at from 150 feet to 150 yards out in the river from the east or Missouri bank. This point was stated to be in Platte County, Missouri. Appellant was driving piling in the river for the purpose, as stated in the testimony, of diverting the current from the Missouri to the Kansas side. The pile driver was being used in this work. The record does not show how deep the water was at the point of the accident. At the time of the investigation by the referee for the Missouri Workmen's Compensation Commission on November 1, 1933, it appears that sand bars had formed, extending from the east bank out in the river practically to the end of the piling. The piling, or dikes as a witness describes them, extended 250 to 300 feet from the east bank. The record does not disclose the exact nature of the work deceased was engaged in at the time of his death. It is conceded that the Missouri River is a navigable stream at the point of the accident.

Respondents John W. McClain and Grace McClain are the parents of the deceased. August 2, 1933, after due notice, they filed a claim with the Workmen's Compensation Commission for compensation as dependents of their deceased son at the time of his death. Appellant filed its answer August 10, 1933. The answer was on a printed form furnished by the commission. It gave respondents' names as claimants and their address, the name and address of appellant as employer, stated the insurer was "self," stated deceased's name as its employee on the date of the accident and then in a blank space on the form immediately following the printed statement "All of the statements in the claim for compensation are admitted except the following:" The following allegations were written:

"Comes now the above named employer and denies each and every allegation in said claimants' claim herein filed.

"Employer further denies the jurisdiction of the Missouri Workmen's Compensation Commission in said claim."

The so-called answer was signed by appellant's attorney.

The Compensation Commission assumed jurisdiction, made its investigation and later on February 3, 1934, made a final award to respondents as follows:

"For Death Benefits: To John W. McClain and Grace McClain as tenants by entirety the sum of $6.00 per week for 250 5/6 weeks."

The statutory notice of appeal was given by appellant. Pursuant thereto and in compliance with the statute (Sec. 3342, R. S. 1929) the Compensation Commission certified the complete record of all proceedings before it to the Circuit Court of Platte County. The record entries relating to this case in the circuit court are:

March 5, 1934: "Now in vacation on this 5th day of March, 1934, is filed appeal from Workmen's Compensation Commission."

September 3, 1934: "Now on this 3rd, day of September, 1934, this cause is reversed for want of jurisdiction under state law."

The latter order was treated as a judgment. Its form is not questioned. Thereafter, by different counsel who had not taken any part in the case theretofore, appellant made application in due form and within the time allowed, to the Kansas City Court of Appeals for an appeal under Section 1023, Revised Statutes 1929. This application was granted. An affidavit filed in support of the application for the appeal contained the allegation "that this appeal is not made for vexation or delay but because this affiant and said defendant believe that said defendant is aggrieved by the aforesaid judgment or decision of said court. . . ." Other facts disclosed by the record are unnecessary to the determination of this appeal.

Respondents strenuously insist that the appeal was improperly granted and should be dismissed. The same point was urged in the Court of Appeals. The basis for the contention is that appellant was not aggrieved or any error committed against it by the judgment of the circuit court reversing the case "for want of jurisdiction under State law." The pertinent provisions of the statute relating to appeals of the character involved here are as follows:

(Sec. 1018). "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction. . . . from any final judgment in the case. . . ." [Mo. Stat. Ann., p. 1286.]

(Sec. 1020). "No such appeal shall be allowed unless: . . . The appellant or his agent shall, during the same term. file in the court his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court." [Mo. Stat. Ann., p. 1295-6.]

(Sec. 1023). "Any judge of the Supreme Court or either of the courts of appeals, respectively, in cases appealable to said courts, upon inspection of a copy of the record, may grant an appeal by special order for that purpose at any time within one year next after the rendition of the final judgment or decision in the cause. But no such order shall be granted by such court or judge unless it appear from an inspection of a copy of the record that error was committed

by the trial court against the party applying for the order, and materially affecting the merits of the action. . . . [Mo. Stat. Ann., p. 1303.]

. The Court of Appeals held that the appeal was properly granted (McClain v. K. C. Bridge Co., 83 S. W. (2d) 132). Although we have a high regard for the judgment of that court and the author of the opinion, we are unable to agree with the reasoning and conclusion so clearly expressed in that opinion. Without unnecessary circumlocution, the question may be stated as follows: Can a party to an action appeal from a judgment which completely determines that particular action in his favor? Appellant's theory is that it is aggrieved by the judgment of the circuit court in two respects, (1) that it is deprived of the right to defend before the Workmen's Compensation Commission, and (2) that as a result of the judgment it will be forced to defend against an action under the Federal laws pertaining to maritime torts. Is appellant aggrieved by being deprived of its right to further litigate this case before the Compensation Commission? As the case stood before the appeal was granted, this particular action was finally determined in appellant's favor. We cannot see how appellant is aggrieved in any manner, as far as the action pending in the circuit court is concerned, by being deprived of the opportunity to further litigate it. Neither do we agree with the theory that appellant is aggrieved in the sense that term is used in the statute, by the possibility it will be required to defend another action before some other tribunal. The statute, properly construed means that a litigant must be aggrieved or injured by that particular judgment or, as Section 1023, supra, says, that error was committed by the trial court "against the party," before he should have the right to appeal. In the case of Scott v. Parkview Realty & Imp. Co., 241 Mo. 112, 145 S. W. 48, 1. c. 50, this court said: "A party cannot appeal from a judgment that is wholly in his favor, one that gives him all he asks; but he may appeal from a judgment that gives him only a part of what he sues for." And in Kinealy v. Macklin, 67 Mo. 1. c. 99: "A party cannot be said. to be 'aggrieved,' unless error has been committed against him." Also in the same case: "The law seems to be well settled that a party cannot take an appeal from a judgment in his own favor." [Citing Holton v. Ruggles, 1 Root, 318; Raymond v. Barker, 2 Root, 370; Ringold v. Barley, 5 Md. 186; Hilliard on N. T., p. 600, sec. 104.] In Hale v. Goodnight, 138 Mo. 576, 37 S. W. 916, this court said:

"A party to an action, under our Code, cannot successfully ask for a reversal of judgment because of an error which was not prejudicial to his substantial rights, however greatly the result may appear to him to lack the perfect symmetry which should characterize the performances of courts of law."

· In the case of Segall v. Garlichs, 313 Mo. 406, 281 S. W. 693, this

12

court en banc quoted with approval from Holdridge v. Marsh, 28 Mo. App. 283, as follows:

"It is a general rule of law that no appeal will lie from a voluntary nonsuit (Chouteau v. Rowse, 90 Mo. 191); and it can make no difference whether such an appeal is attempted to be prosecuted by the plaintiff or by the defendant. The plaintiff cannot appeal from such a judgment of nonsuit, because it is his own voluntary act; the defendant cannot appeal from it, because he is not aggrieved by it within the meaning of the statute allowing appeals. Nor can he appeal from the order reinstating the cause, for that is not a final disposition of the cause."

It seems reasonably clear to us that appellant had no right to appeal. And this is true not because, as respondent asserts and the Court of Appeals denies, appellant is estopped by reason of its pleading that the Workmen's Compensation Commission had no jurisdiction, but because the right of appeal is statutory and the statute does not confer that right under the circumstances of this case.

We do not find the cases cited by appellant applicable.

The case of Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107, involved the right of a party to appeal who was actually aggrieved by the judgment but who was not a party to the suit. It was written before the statute was amended requiring that an appeal must be taken by a party to the suit.

In the case of Carney v. Reed (Iowa), 91 N. W. 759, the plaintiff attempted to dismiss his action without prejudice after the case was submitted and the entering of the judgment had been directed. Appellant quotes from that opinion the following:

"But, by Section 4101 of the Code, it is provided that an appeal may also be taken to this court from an order made affecting a substantial right in an action, when such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken. The appellant here had the right in the court below to have a final disposition of the action upon its merits, as far as that court was concerned. Such disposition could be made only by a judgment either in his favor, or adverse to him. If the latter, then an appeal might be taken."

The last sentence of the quotation indicates that the rule in Iowa is the same as it is in Missouri. If it is not, it is in conflict with the above quoted expression of this court in Segall v. Garlichs, supra.

The case of Doe Run Lead Co. v. Maynard, 283 Mo. 646, 223 S. W. 600, was an action by the corporation for its dissolution. Certain stockholders objected. The trial court sustained the petition to disincorporate and the objecting stockholders appealed. On appeal the respondent company contended that the appellant stockholders had not been "aggrieved" by the action of the court below and

hence could not appeal. This court naturally said that the appeal would determine that question. The facts in that case distinguish it from the case before us.

■ Appellant argues that the determination of its right to appeal involves the determination of the jurisdiction of this court over the subject matter of the action which question may be raised at any time or even by this court on its own motion and that therefore we should determine the case on its merits. A court's jurisdiction of the subject matter of an action has been defined to mean the nature of the cause of action or the relief sought (Hope v. Blair, 105 Mo. 85, 16 S. W. 595) or the power to entertain the suit (Hill v. Barton, 194 Mo. App. l. c. 335, 188 S. W. 1105). It should not be confused with the statutory right of a litigant to appeal, the presence and exercise of which results in the appellate court's duty to hear and determine the cause. To illustrate—in the case before us the trial court determined the question of its jurisdiction over the subject matter of the action and we are now concerned with appellant's right to bring the case to us for determination, not our power to determine it when properly here.

Since the statute gave appellant no right of appeal in this case the appeal should be dismissed. It is so ordered. All concur.