RUFUS McCORMACK AND ADA B. McCORMACK, RESPONDENTS, v. MARY AUGUSTA ARMOUR DUNN, APPELLANT.—106 S. W. (2d) 933.

Kansas City Court of Appeals.   May 24, 1937.

*Charles M. Miller* for respondents.

*Alpha N. Brown* for appellant.

CAMPBELL, C.—This cause was tried to the court November 27, 1935.   At the close of the trial the court entered upon its records the following order:

"Now on this day this cause coming on regularly for trial, comes plaintiff in person and by attorney and defendant appears in person and by attorney and by agreement between the parties hereto.   A

jury is waived in the trial of this cause and this cause is submitted to the court upon the pleadings and evidence adduced, and after hearing all of the evidence and arguments of counsel for their respective parties, this cause is by the court taken under advisement.''

On March 11, 1936, during the March term, entry was made in the cause on the "minute books of the court" as follows: "Cause having been heretofore heard and taken under adv. court now finds for deft. judg. v. Pltf. for costs.''

Counsel for the parties appeared before the court on the next day, March 12, and the court said:

"The court of its own motion sets aside the judgment heretofore rendered on the 11th day of March, 1936, for the reason that a misunderstanding as to the submission of briefs and oral arguments has arisen between the attorneys, and the court will set the matter for further oral argument and briefs for Friday, March 20th, 1936, at two P. M.''

On March 19, 1936, the plaintiff filed motion to dismiss the cause. On the same day the court entered upon its records the following order:

"Now, on this day comes plaintiff by attorney and files dismissal of this cause herein. This cause having heretofore been set for oral arguments and briefs for March 20, 1936, at 2 P. M. and same being unable to be heard on account of the court having another case for hearing and plaintiffs having filed a dismissal today, the matter of dismissal and oral argument is by the court set over and continued until March 24, 1936, at 10:30 A. M.''

On April 27, 1936, the court entered upon its records the following order:

"Now, on this day come the parties hereto by their respective attorneys and the court orders that the submission of cause be and same is hereby set aside and for naught held and the court further dismisses this cause without prejudice at plaintiffs' costs to which action and ruling of the court defendant excepts.

"Wherefore, It Is Ordered and Adjudged by the court that this cause be and same is hereby dismissed without prejudice at plaintiffs' costs and that defendant go hence and have and recover of and from said plaintiffs her costs herein incurred and expended and have therefor execution.''

The defendant timely filed "motion to set aside the order setting aside the submission and dismissing the cause.'' The motion was denied. Defendant has appealed.

The defendant on May 1, 1937, filed motion entitled "Motion to set aside order setting aside submission and dismissing cause.'' The motion was overruled on May 9, 1937. The abstract of the record in narrative form states that on the same day "the appellant (defendant) filed her application and affidavit for appeal from the judgment

and decision of the court. . . . .'' The affidavit for appeal recites ''. . . that this appeal is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment and decision of the court herein.''

No appeal lies from that part of the order of April 27 setting aside the submission for the reason that the statute does not provide that appeal may be taken from such an order. [Missouri-Kansas-Texas R. Co., 87 S. W. (2d) 169; Myers et al. v. Faris (Floral Hills, Inc., Garnishee), 87 S. W. (2d) 455; Harriman v. Stix, Baer & Fuller Co., 92 S. W. (2d) 598.]

The defendant claims that the dismissal was a final judgment, and that the order overruling the motion to set aside the order of April 27, was ''a special order after final judgment.'' The dismissal was not a final judgment; it was not ''the final determination of the right of the parties in the action.'' [Section 1070, R. S. 1929.] When a plaintiff is forced by adverse ruling to take an involuntary nonsuit he may, after proper motion has been overruled, take an appeal. No appeal lies for a voluntary dismissal or nonsuit, such as was ordered in the present case. [Turr v. Terminal R. Ass'n of St. Louis, 209 S. W. 908.]

In the case of State ex rel. v. Riley, 118 S. W. 647, the court considered the legal effect of the action of the trial court in the case of Potter v. Bullivant et al. The court, after finding for the plaintiff on certain issues, appointed a referee to ascertain and determine the value of improvements on the land involved in the litigation. The referee made the report, and the defendants in the action filed exceptions. While these exceptions were pending, an order was made dismissing the cause. Potter, the plaintiff, at the time of dismissal was dead, a fact unknown to the court. The heirs of Potter filed motion to set aside the order of dismissal and reinstate the cause. The motion was overruled and the movants granted an appeal. In speaking of the right of appeal, the court said:

''In this state a motion to vacate a judgment for error of fact, and not for patent error of record, supported by evidence *dehors* the record, takes the place of the common-law writ of error *coram nobis,* and is in the nature of an independent and direct attack upon the judgment in the court committing the error. A judgment upon such a motion is within itself a final judgment, from which an appeal will lie. But even if there was a question as to this, of which we think there is none, yet the judgment of dismissal and for costs in the original proceeding was a final judgment, and the order overruling the motion to vacate such judgment was at least a 'special order after final judgment in the cause,' so as to permit an appeal under'' the statute, now section 1018.

The appeal in that case by the plaintiff was from the action of the

court in refusing to reinstate the case. The question as to whether the defendants could or could not have appealed was not involved.

In the case of Lawyer's Co-Operative Publishing Co. v. Gordan, 73 S. W. 155, the judgment was for the defendant. The court sustained the plaintiff's motion for new trial for the purpose of allowing the plaintiff to dismiss the cause. The court held that the trial court was not authorized to award a new trial for the purpose stated. The appeal by the defendant was from the order awarding a new trial, an order from which an appeal is expressly provided by statute.

In the present case the defendant did not appeal from the action of the court in setting aside the judgment. When the judgment was set aside, and no motion for new trial filed, the case was then under submission as provided in the order of November 27. The order setting aside the submission was not a final judgment nor a "special order after final judgment in the cause" and, hence, no appeal lies from that part of the order setting aside the submission. When the circuit court set aside the submission, provided it had power to do so, the cause was no longer under submission. If the cause were not under submission then, of course, the court had power, with the consent of plaintiffs, to dismiss the action. The judgment was in favor of the defendant and she may, therefore, not appeal therefrom. The defendant claims that she had right of appeal from the order of the court overruling her motion to set aside submission and vacate the judgment of dismissal. The motion performed the functions of a motion for new trial. No appeal lies from an order overruling a motion for new trial. [Pence v. Laundry Service Co., 59 S. W. (2d) 635.]

Lacking jurisdiction, this court cannot *on this appeal* determine the question whether the order of April 27 was or was not void. The appeal is dismissed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The appeal should be and it is dismissed. All concur.