ADAIR COUNTY, MISSOURI, Respondent, v. WILLIAM URBAN, JR., Doing Business as BILL URBAN, CONTRACTOR, and THE TRAVELERS INDEMNITY COMPANY, Appellants, No. 43498—268 S. W. (2d) 801.

Court en Banc, April 12, 1954.

*Robert S. McKenzie* and *Stubbs, McKenzie, Williams, Merrick & Gibson* for appellants.

*W. C. Frank,* Prosecuting Attorney, *A. D. Campbell, P. J. Fowler* and *E. M. Jayne* for respondent.

CONKLING, C. J.—This action was brought by Adair County, Missouri, as plaintiff, against the defendants, William Urban, Jr., a contractor, and the Travelers Indemnity Company, the surety on Urban's performance bond, for. damages for the alleged breach of Urban's contract to erect a bridge for the County across the Chariton River at Yarrow, Missouri. The action seeks damages of $20,000. We herein continue to denominate the parties as plaintiff and defendants.

The first trial of the case resulted in a verdict for plaintiff for $5,000. The County's motion for new trial, filed after that first verdict, was sustained on the sole ground that the sum awarded as damages was inadequate. From the order granting that new trial defendants

appealed. The trial court's judgment and· order granting that new trial was affirmed by this Court and the cause was remanded. The issue before us on that first appeal was whether plaintiff made a case for the jury. We held that plaintiff made a jury case. Adair County v. Urban, Mo. Sup., 250 S. W. (2) 493.

When the cause again came on in the circuit court of Adair County, the defendant Urban moved for a change of venue on the sole ground that plaintiff had an undue influence over the mind of the judge who was alleged to be prejudiced. When the motion for change of venue came on to be considered and ruled, the judge of the circuit court of Adair County, Honorable Tom B. Brown, disqualified himself to further hear the cause and requested Honorable Walter A. Higbee, Judge of the Thirty-seventh Judicial Circuit, to sit in Adair County to hear and try the cause. When the cause came on regularly for trial in Adair County before Judge Higbee as special. judge and a jury the second trial of the case resulted on September 22, 1952, in a judgment in favor of the county in the sum of $4,000. Judgment for that amount was entered accordingly.

Defendants did not file a motion for new trial, or any other after-trial motion. The plaintiff, however, filed a motion for new trial ''in so far only as to the amount of damages sustained by plaintiff,'' was concerned contending again that the verdict of $4,000 was inadequate, and, in the alternative, plaintiff filed also a separate motion for new trial of all the issues in the case. The grounds of the latter motion are later noticed herein.

The above motions were set for hearing on October 10, 1952. Defendants' counsel had notice that the above motions filed by plaintiff were so set for hearing but did not appear in court on that date. On October 10, 1952, and within thirty days of the entry of the judgment, the trial court considered and overruled the above alternative motions filed by plaintiff, and thereupon, of the court's own motion, entered the following order:

''Order Setting Aside Verdict. Acting by authority and in accordance with the provisions of Section 510.370, the court, on its own motion, doth hereby set aside the verdict of the jury returned in the above numbered case and the judgment entered thereon for the reason that, in the opinion of the court, the motion for change of venue filed by the defendant, William Urban, Jr., on August 23, 1952, divested the Circuit Court of Adair County, Missouri, of jurisdiction to further consider and try said cause.''

Defendants have appealed from the trial court's above quoted order the effect of which was to grant a third trial of the case. This appeal has not come to us upon a full transcript of the record, or upon the merits, but upon an agreed ''Statement Of The Case As Transcript On Appeal,'' (RSMo 1949, Section 512.120, V.A.M.S.). It is therein stipulated that upon this appeal the points to be relied on by the ap-

pellants are: (1) that Urban's above motion for change of venue did not divest the circuit court of Adair County of Jurisdiction of the cause; (2) that the above quoted order setting aside the judgment was without notice to defendants and was therefore void, and (3) that if the motion for change of venue divested the circuit court of Adair County of jurisdiction of the cause, that the court's failure to send the cause to another circuit was an error of which plaintiff cannot now complain. Those are the points which were briefed and argued by defendants when this cause was in Division 2 of this Court. In Division 2 plaintiff contended (and now contends) that defendants were not aggrieved by the above quoted order of the court entered on October 10, 1952. Division 2 transferred this cause to Court en Banc. Defendants filed, in Court en Banc, an additional brief in the cause, and now contend that (1) they are "aggrieved" and are therefore entitled to appeal from the order of the trial court setting aside the jury's verdict and the judgment and granting plaintiff a new trial, (2) that the filing of the above motion for change of venue did not divest the Adair County circuit court of jurisdiction of the cause, and that Judge Higbee was without authority to set aside the verdict and judgment upon the ground stated in the order of October 10, 1952, [803] (3) that the order of October 10, 1952, was void because defendants had no opportunity to be heard by the court with respect to the entry of such an order.

We first consider the validity of the reason assigned by Judge Higbee as the basis for his order entered on October 10, 1952, i. e., that the motion for a change of venue divested the circuit court of Adair County of jurisdiction of this cause. Did the allegation of the motion for change of venue on the sole ground that plaintiff had an undue influence over the mind of the judge and that because thereof the judge was prejudiced, divest the circuit court of Adair County of jurisdiction? Did such allegation divest the circuit court of jurisdiction, or did it divest only the judge of that circuit court of power to proceed? In Section 15 of Article V of the Constitution of 1945, it is provided that, "Any circuit judge may sit in any other circuit at the request of a judge thereof." Where, as here, the sole ground of the motion for change of venue is the allegation of a litigant that the judge of the court is prejudiced, it is recognized that the above self-enforcing constitutional section saves the litigants "the annoyance, delay and expense attending a trial in another circuit," and empowers the regular judge of a circuit to request another circuit judge to come in and hear the cause. Pogue v. Swink, Mo. Sup., 261 S. W. (2) 40. Clearly the affidavit of prejudice filed against the judge of the circuit court of Adair County only, and not against the inhabitants of that county, did not divest the court "of jurisdiction to further consider and try the cause" and the judge of that court properly requested the judge of another circuit, Judge Higbee, to sit in Adair County and try the

cause. State v. Emrich, 361 Mo. 922, 237 S. W. (2) 169 (1), Hayes v. Hayes, Mo. Sup., 252 S. W. (2) 323 (17), State ex rel. Book v. Goodman, Judge, 364 Mo. 485, 263 S. W. (2) 409, 412.

 It may be here observed that the trial court overruled both of plaintiff's motions. In so doing the court denied plaintiff a third trial of this case on the following asserted grounds stated in the motions, that (1) the $4,000 damages awarded by the jury were inadequate and against greater weight of the evidence; (2) the verdict was the result of misunderstanding or misconception or prejudice on the part of the jury; (3) erroneous or conflicting or confusing instructions were given; (4) the court erred in accepting the jury's verdict; (5) the verdict was against the weight of the evidence, and (6) the court erred in not permitting plaintiff to offer more instructions. The new trial having been granted within the thirty days following the judgment, the court could have set aside the judgment for any *legal* reason for which a new trial may be granted (Section 510.330) whether such *legal* reason be contained within either of the written motions or not. But here the court did not set aside the judgment on any ground stated in either motion, nor was it set aside upon any valid legal ground. The assignments contained within the written motions were overruled. The reason assigned in the order setting aside the judgment and therefore granting the new trial was not a legal reason. The trial court therefore erred in setting aside the verdict and judgment in awarding the new third trial.

We must conclude therefore that the circuit court of Adair County was not divested of jurisdiction to try and determine the cause, that the reason assigned by Judge Higbee in his order of October 10, 1952, granting the new trial was not a valid legal reason, that the new trial was not validly ordered therefor, and the court erred in entering the order of October 10, 1952.

 We come now to a consideration of whether defendants could appeal from the above order of October 10, 1952, setting aside the verdict and judgment rendered on September 22, 1952.

Plaintiff contends that defendants are not aggrieved by the order setting aside the instant verdict and judgment. The effect of that order was to grant plaintiff a third trial of the cause. An appeal may be taken from an order the effect of which is to grant a new trial. Plaintiff argues that since the order of October 10, 1952, setting aside the verdict and judgment vacated a judgment *against* defendants and relieved defendants of any immediate liability from the second trial judgment that the defendants are not presently aggrieved adversely in their legal rights by this particular judgment in their pecuniary or property rights or in their interests. We examine that contention in the light of all the facts.

It appears that the amount of the recovery which plaintiff seeks in this action is $20,000. The first trial resulted in a verdict and judg-

ment for plaintiff for $5,000. Plaintiff was thereafter awarded a new trial of the case upon the ground that the damages of $5,000 found by the jury was inadequate under the evidence. Defendants thereupon appealed. Upon that appeal the sole question determined was that plaintiff's evidence made a jury case upon the issue of plaintiff's right to recover against defendants in some amount. The second trial of the cause resulted in another verdict and judgment for plaintiff, this time in the sum of $4,000. From the fact that defendants thereafter filed no after-trial motion of any character it is obvious that defendants desired not to further litigate the case, nor to accrue more costs, but that defendants desired to abide that conclusion of the litigation, pay the judgment and costs, and their litigation expenses, including attorneys' fees, and to close their books as to that liability and extinguish it.. This Court, in 250 S. W. (2) 493, had ruled that a liability existed against defendants on plaintiff's cause of action in an amount to be determined by a jury. By their failure to file any after-trial motion it is both obvious and clear that defendants concluded they had attained a position in the litigation which was so advantageous to them that they preferred to terminate the litigation, to pay that judgment and the accrued costs and discharge their liability to plaintiff, rather than incur the liability of additional costs, additional attorneys' fees and expenses, and a judgment for a sum possibly much in excess of $4,000.

Under these circumstances was the effect of the unquestionably erroneous order of October 10, 1952, such as to make defendants an "aggrieved" party within Section 512.020 of our statutes authorizing appeals, notwithstanding that such order set aside the $4,000 second trial judgment? We have concluded that defendants were aggrieved.

Arguing that defendants are not aggrieved because the court's order set aside a judgment *against* defendants, plaintiff cites and relies upon McClain v. Kansas City Bridge Co., 338 Mo. 7, 11, 88 S. W. (2) 1019, 1021. That and other cases rule that the above numbered appeal statute means that the appealing litigant "must be aggrieved by that particular judgment," and that the judgment must affect some pecuniary or property right or some interest. In State ex rel. Consumers Public Service Co. v. Public Service Commission, 352 Mo. 905, 180 S. W. (2) 40, we said: "Under the statute respecting the right of appeal, we are of the opinion that the proper general rule to be applied is that any party to an action or proceeding having an interest recognized by law in the subject matter, which interest is injuriously affected by the judgment, is a party aggrieved within its meaning." In the McClain case, supra, the dependents of the deceased filed a claim for compensation. The Workmen's Compensation Commission took jurisdiction of the claim, heard the evidence and made an award in favor of the dependents. Upon appeal from the Commission the

circuit court entered the judgment that "This cause is reversed for want of jurisdiction under state law." The judgment or award there was thus reversed outright. In ruling that case this Court stated the question to be determined in these words: "Can a party to an action appeal from a judgment which completely determines that particular action in his favor? * * * As the case stood before the appeal was granted, this particular action was finally determined in appellant's favor." We there ruled the Bridge Company was not aggrieved for the judgment of the circuit court completely determined ▮▮▮ that case in the Bridge Company's favor. The instant facts readily distinguish this case from the McClain case. Judge Higbee's order of October 10 did not completely determine this case in favor of these defendants, for its effect was to merely grant a new trial of the cause. As a result of that order instant defendants had to try the case anew. The Bridge Company in the McClain case contended that the circuit court's order was appealable because that order deprived it of the right to defend before the Workmen's Compensation Commission, but here instant defendants do not seek further opportunity to re-litigate the instant issues. On the contrary, instant defendants seek to have their liability to plaintiff terminated and this litigation ended by the reinstatement and their satisfaction of the $4,000 judgment. The McClain case, supra, is not determinative of these facts now before us.

In Stith v. St. Louis Public Service Co., Mo. Sup., 251 S. W. (2) 693, where defendant, after verdict for plaintiff, moved for a new trial, and the court granted a new trial as to the issue of damages only and overruled defendant's motion as to all other particulars, we held that the new trial ordered was one for which defendant had not asked in its motion and one which plaintiff did not seek and was, thus, on court's own motion, and that the court's order constituted an order granting a new trial from which both plaintiff and defendant, as aggrieved parties could appeal.

The new trial effected and compelled by Judge Higbee's instant order was one neither sought nor asked nor desired by defendants. Nor did plaintiff ask that the judgment be set aside on the ground that the motion for change of venue had divested the Adair County circuit court of jurisdiction of the case. From defendants' failure to file any after-trial motion it can be concluded only that defendants desired to abide the result of the second trial and judgment, to pay the judgment and costs and their other incurred expenses of litigation and thus to terminate their liability to plaintiff. As above noted, Judge Higbee had jurisdiction to have set aside the judgment by an order based upon a valid reason for the entering of such an order. The judgment was not set aside on the ground that the verdict was against the greater weight of the evidence, nor upon any valid basis whatever. Instead, the order of Judge Higbee was founded upon an invalid and erroneous basis. Judge Higbee did a thing he then

had jurisdiction to do, (set aside a judgment) but his action was founded upon a basis rendering such exercise of jurisdiction ineffective and erroneous.

By this particular order setting aside the instant judgment defendants were aggrieved for, upon an invalid basis and for a wholly illegal reason, the instant order of October 10, 1952, took from defendants their attained position in the litigation and deprived them of their right to conclude the litigation and forever terminate their liability upon plaintiff's cause of action by paying the judgment entered together with the costs. In the maintenance of their attained position in the litigation the defendants had a right and an interest in the subject matter which the law must recognize, and upon which the trial court's order adversely acted. Under these circumstances this particular order adversely and injuriously affected defendants' interest and defendants were aggrieved within the meaning of the appeal statute.

It is unnecessary to discuss or rule the remaining contention made by defendants.

For reasons above appearing the order entered in this cause on October 10, 1952, setting aside the verdict and judgment of September 22, 1952, is reversed. The cause is remanded to the circuit court with directions to reinstate the judgment entered in the cause on September 22, 1952. It is so ordered.

*Ellison, Hyde, Hollingsworth,* and *Dalton, JJ.,* concur; *Leedy* and *Tipton, JJ.,* dissent and adopt Divisional opinion as dissenting opinion.

 BARRETT, C. (Adopted as Dissenting Opinion of *Leedy* and *Tipton, JJ.*)—This is an action by Adair County against William Urban, Junior, a contractor, and The Travelers Indemnity Company, his surety, for damages for breach of a contract to erect a bridge across the Chariton River. The county claims damages in the sum of $20,000. Upon the first trial the jury returned a verdict for $5000 which the trial court, upon the county's motion for a new trial, set aside as inadequate. The defendants appealed and the trial court's judgment was affirmed and the cause remanded. Adair County v. Urban, (Mo.) 250 S. W. (2) 493. After the cause was remanded the defendant, Urban, petitioned for a change of venue for the asserted reason that the plaintiff had an undue influence over the mind of the judge who was prejudiced. When the application for a change of venue was heard the judge disqualified himself and requested Honorable Walter A. Higbee, Judge of the 37th Judicial Circuit, to hear the cause. The case came on for trial before Judge Higbee and the defendants objected to the jurisdiction of Adair County upon the ground that the cause should have been sent to another county in an adjoining or next adjoininng circuit. Judge Higbee overruled the defendants' objections

and upon the second trial there was a judgment in favor of the county in the sum of $4000.

The defendants did not file a motion for a new trial, or any other after trial motions. The plaintiff, however, filed a motion for a new trial as to the amount of the damages only, or in the alternative a motion for a new trial as to the whole cause. The grounds of the alternative motions were inadequacy of the verdict, error in the giving of instructions and error in the acceptance of the jury's verdict which, according to the plaintiff and the jurors, resulted from the jury's misunderstanding and confusion and was not in the total sum intended by the jury, to wit, $12,166.66, or the total amount of the surety bond, $8,166.66, plus the sum of $4000 found against the contractor. The motions were set for hearing on the 10th day of October, 1952, and the defendants had notice of the fact but did not appear. On the date set, which was within thirty days of the entry of the judgment, the trial court considered and overruled the alternative motions but, on the court's own motion, entered the following order:

"Order Setting Aside Verdict. Acting by authority and in accordance with the provisions of Section 510.370, the court, on its own motion, doth hereby set aside the verdict of the jury returned in the above numbered case and the judgment entered thereon for the reason that, in the opinion of the court, the motion for change of venue filed by the defendant, William Urban, Jr., on August 23, 1952, divested the Circuit Court of Adair County, Missouri, of jurisdiction to further consider and try said cause."

The defendants have appealed from the order granting the new trial. The appeal is not upon a full transcript of the record, or upon the merits of the entire cause, but upon an agreed "Statement Of The Case As Transcript On Appeal," (V.A.M.S., Sec. 512.120) and consists of the facts and statements heretofore set forth. In the agreed statement the appellants stipulated that the points relied upon are: (1) that Urban's motion for change of venue did not divest Adair County of jurisdiction, (2) that the order of the court setting aside the judgment, on the court's own motion, was without notice to the defendants and, therefore, void, and (3) that if the motion for change of venue divested the Circuit Court of Adair County of jurisdiction that the court's failure to send the cause to another circuit was an error of which the plaintiff could not complain. And those are the points briefed and argued here as grounds for reversing the judgment and remanding the cause with directions to reinstate the judgment for $4000.

In so far as it concerns this appeal the statute (V.A.M.S., Sec. 512.020) provides that "Any party to a suit *aggrieved* by any judgment of any trial court in any civil cause * * * may take his appeal to a court having appellate jurisdiction from any order granting a

756

new trial * * * or from any final judgment in the case * * *." The statute says "from any order granting a new trial," consequently it is assumed that the appellants may maintain the appeal provided they are "*aggrieved*" by the order within the meaning of the statute. In general "aggrieved" means "adversely affected in respect of legal rights; suffering from an infringement or denial of legal rights." Webster's New International Dictionary. The infringement or denial must be direct, the rights adversely affected must not be collaterally or incidentally involved, and, more specifically, the judgment must affect some pecuniary or property right or interest. American Petroleum Exchange v. Public Service Commission, 238 Mo. App. 92, 176 S. W. (2) 533, 534. Furthermore, the statute means that the appealing litigant "must be aggrieved or injured *by that particular judgment.*" McClain v. Kansas City Bridge Co., 338 Mo. 7, 11, 88 S. W. (2) 1019, 1021. As a general rule a litigant, either plaintiff or defendant, is not aggrieved and may not appeal from an order or judgment in his own favor (4 C.J.S., Sec. 183(3), p. 359), his legal rights are not infringed or adversely affected by a favorable order or judgment. To illustrate, a judgment of dismissal, entered at the proper time, does not so adversely affect the defendant's rights that he is aggrieved, within the meaning of the statute. McCormack v. Dunn, 232 Mo. App. 371, 106 S. W. (2) 933. And neither the plaintiff nor the defendant is adversely affected when the trial court sustains either of their motions for a new trial. Luethans v. Lahey, 237 S. W. (2) 209; Long Mercantile Co. v. Saffron, (Mo. App.) 104 S. W. (2) 770; Vendt v. Duenke, (Mo. App.) 210 S. W. (2) 692. So when both the plaintiff and defendant file motions for a new trial and the trial court overrules the defendant's motion but sustains the plaintiff's motion the defendant is not aggrieved. Deiermann v. Bemis Bros. Bag Co., 144 Mo. App. 474, 129 S. W. 229. Likewise, a party is not aggrieved when his complaint in the appellate court is that the verdict rendered against him is not as large as it should have been. Western States Portland Cement Co. v. Bruce, 160 Mo. App. 246, 142 S. W. 783. In Humphries v. Shipp, 238 Mo. App. 985, 194 S. W. (2) 693, the plaintiff brought an action in conversion, the defendant filed a counterclaim. There was a verdict against the plaintiff on his cause of action and a verdict and judgment in favor of the defendant on his counterclaim in the sum of $118.50. Upon the plaintiff's appeal it was held that the plaintiff was not aggrieved when his complaint was that the judgment on the counterclaim was not as large as it should have been.

A litigant is aggrieved, however, and may appeal, even though he has filed no after trial motions, when his complaint is that his adversary, as a matter of law, is not entitled to a judgment in any event and that the trial court should have so declared. In Nelson v. Kansas City, 360 Mo. 143, 227 S. W. (2) 672, the plaintiff had a verdict for his personal injuries for $1000. The trial court sustained the plaintiff's

motion for a new trial on the ground of inadequacy of the verdict. Even though the defendant had filed no after trial motions it was held that the defendant could raise and the court would consider the question of whether the plaintiff had a submissible case. The rule is stated in Lilly v. Boswell, (Mo.) 242 S. W. (2) 73, 77, in this language, "Defendant filed no after trial motions, and, therefore, we are precluded from reviewing any error occurring in the trial of the case other than that inherent in every case that comes to an appellate court on appeal, to wit: whether a submissible case was made." Fenton v. Thompson, 352 Mo. 199, 176 S. W. (2) 456, is illustrative of the rule. There the plaintiff instituted an action for $50,000 damages for personal injuries. After the case was submitted, but before the jury returned a verdict, the court permitted the plaintiff to enter a voluntary dismissal. Upon the defendant's appeal it was contended, among other things, that he was not aggrieved. But the statute as to voluntary dismissals then provided, M.R.S.A., [808] Sec. 1111, that "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time *before the same is finally submitted to the jury,* or to the court sitting as a jury, or to the court, *and not afterward.*" (See V.A.M.S., Sec. 510.130.) Under this provision the appellant contended that after submission to the jury the court had no power to enter a voluntary dismissal and upon the plaintiff's entering a dismissal the defendant was entitled, as a matter of law, to a judgment of dismissal with prejudice—a judgment that would completely adjudicate the plaintiff's claim for $50,000. In holding that the appellant was aggrieved and could appeal this court said, "While the judgment on its face appears to be in appellant's favor, yet if, under the circumstances shown by the record, the appellant was entitled, as a matter of law, to a judgment of dismissal 'with prejudice,' or on the merits, barring a further prosecution of the cause, and, if the judgment entered does not so provide, then error, in prejudice of appellant's substantial rights, has been committed against him, in that he did not receive all to which he was legally entitled."

But it will be observed that the appellants here do not contend that the plaintiff does not have or did not make a submissible case. On the contrary, it is tacitly conceded that the plaintiff has and made a submissible case and is entitled to recover in some sum. The appellants have not appealed upon a full transcript of the record or upon the merits of the case, and they do not contend that they are entitled to an order or judgment absolutely discharging them, as a matter of law, of all liability upon the contract and suretyship, or, conversely, they do not claim and contend that the plaintiff's claim is or should be completely extinguished for any reason. They are in the exceptional and anomalous position of asking that an order granting a new trial, in ordinary circumstances a favorable order, be set aside and that a judgment imposing liability be entered in the sum of $4000. It may

have been due to confusion on the part of the jury but the second trial resulted in a smaller verdict than the first trial and, while it is extremely unlikely, it is possible that a third trial may result in a still smaller verdict, or, from all that appears from this record, no verdict at all. In any event, it is difficult to 'demonstrate upon this record that the appellants are aggrieved or injured "by that particular judgment," they are not aggrieved in a legal sense within the meaning of the statute because of the possibility of being subjected to another trial and greater liability. In McClain v. Kansas City Bridge Company, supra, the deceased fell from a pile driver on a barge on the Missouri River. His parents, as dependents, filed a claim for compensation and the Workmen's Compensation Commission took jurisdiction of the claim and made an award in favor of the dependents. Upon appeal to the circuit court the trial judge entered this judgment, "this cause is reversed for want of jurisdiction under state law." Upon appeal the bridge company contended that it was aggrieved in two respects, (a) that it was deprived of the right to defend before the Workmen's Compensation Commission and (b) that as a result of the judgment it would be forced to defend against an action under the federal laws relating to maritime torts. In holding that the appellant bridge company was not aggrieved the court said, "As the case stood before the appeal was granted, this particular action was finally determined in appellant's favor. We cannot see how appellant is aggrieved in any manner, as far as the action pending in the circuit court is concerned, by being deprived of the opportunity to further litigate it. Neither do we agree with the theory that appellant is aggrieved in the sense that term is used in the statute, by the possibility it will be required to defend another action before some other tribunal. The statute, properly construed means that a litigant must be aggrieved or injured by that particular judgment or, as Section 1023, supra, says, that error was committed by the trial court 'against the party,' before he should have the right to appeal." Prudence may dictate the discharge of the appellants' obligations in this case by the payment of $4000 and, depending on future events and ▮▮▮ the outcome of another trial, the appellants may indeed become aggrieved, but they are not aggrieved by the particular judgment in the circumstances involved upon this appeal. From the appellants' point of view a retrial of this cause may eventually bring about an apparent unjust result, but upon the record involved in this appeal the present order relieves them of any immediate liability and they are not presently aggrieved adversely in their legal rights by the particular judgment in their pecuniary or property rights or interests. McClain v. Kansas City Bridge Co., supra; American Petroleum Exchange v. Public Service Commission, supra; Deiermann v. Bemis Bros. Bag Co., supra; McCormack v. Dunn, supra; Vendt v. Duenke, supra. Since the appel-

lants are not "aggrieved" within the meaning of the statute they are not entitled to maintain this appeal and, accordingly, the appeal is dismissed.