In the Matter of Carl F. SEISER, a/k/a Carl Seiser, Deceased.

ESTATE of Carl F. SEISER, Robert C. Seiser and Elsie Roddeck, Administrators, Appellants,

v.

Berenice Ruth MEIER, Respondent.

No. 38216.

Missouri Court of Appeals, St. Louis District, Division Four.

Oct. 11, 1977.

Wion, Burke & Boll, Robert S. Moss and J. Lloyd Wion, Clayton, for appellants.

Fred Roth and Denis L. Taylor, Clayton, for respondent.

SIMEONE, Chief Judge.

This is an appeal by the administrators of the estate of Carl F. Seiser, deceased, from an order of the circuit court of St. Louis County dated May 27, 1976 granting to the respondent-claimant, Berenice Ruth Meier, a trial de novo upon her claim against the estate of Mr. Seiser after the probate court had earlier by order denied her motion to set aside an allowance of her claim against the decedent's estate.

The events leading up to this appeal are as follows. After the demise of Carl F. Seiser an estate was opened in the probate court of St. Louis County. On February 13, 1975 Berenice Ruth Meier filed a claim for $95,400.00 for numerous services rendered Mr. Seiser at his request from 1947 to the date of his death. These services consisted of helping decedent with his reading, writing and spelling, washing and pressing clothes, doing research on various securities, bringing dividend checks to his broker, furnishing food and drink, etc. A hearing on the claim was set for April 7, 1975. On that date the parties by and through their attorneys entered into a stipulation whereby the claim of Berenice Meier was allowed in the sum of $5,000.00. The stipulation was signed by the attorney for the claimant[1] and by the attorney for the administrators. On the same date the probate court entered an order, pursuant to the stipulation, allowing the claim of Berenice Ruth Meier in the sum of $5,000.00 and placed it in the fifth class. Costs were assessed against the estate.

On July 21, 1975, some 104 days after the entry of the order allowing the claim, Miss Meier filed her motion to set aside the order of April 7, 1975 allowing her claim for the reason that "after due deliberation, reconsideration and thorough reasoning about the matter, she feels that the agreement that she originally made is inadequate and therefore desires to have her claim heard by [the probate] Court in full." In the motion she requested that her claim be reinstated on the docket for a hearing. The administrators, appellants here, by their motion urged the probate court, for several reasons, to deny her motion to set aside the order of allowance.

On August 8, 1975, the probate court heard the motion to set aside, and, after hearing testimony from the movant and arguments, the probate court found "no good reason" to set aside the order allowing her claim because "the only evidence being that movant, the claimant, felt that the settlement of the claim was for an inadequate amount, there being no evidence of fraud, undue influence, mistake or mental incapacity." The probate court therefore denied the motion to set aside the allowance granted on April 7, 1975.

On August 20, 1975, an appeal by Miss Meier was taken to the circuit court. In the circuit court a series of affidavits were filed by Miss Meier and several other persons between March 23, 1976 and May 1, 1976. In the affidavit of Berenice Ruth Meier she swore that she performed numer-

---

1. Specific authority to settle the claim was given by Miss Meier to her attorney. On April 3, 1975 she wrote to her attorney and stated: "After due discussion and conference with you, I hereby authorize you to settle any claim I may have against the Estate of Carl F. Seiser, deceased for the best amount obtainable, but not less than $3,500.00."

ous services for the benefit of the decedent and reiterated the statements made in the original claim filed on February 13, 1975 in the probate court. She also stated that she was engaged to the decedent and that he purchased a ring for her. She further stated, "I realized after I agreed to settle my claim for $5,000.00 that it was grossly inadequate and after I deliberated and reconsidered . . . I realized that it was a miscarriage of justice and a gross mistake to settle as cheaply." The affidavits of the several other persons reinforced the statements that Berenice Meier performed services for the decedent over the years and were in most respects identical to the affidavit of claimant.

On May 27, 1976 the circuit court entered the following order:

"Petitioner [sic] request for a Trial de novo, against the Estate in its entirety granted."

Within ten days, and on June 4, 1976, the administrators of the estate appealed the order of the circuit court granting a trial de novo.

On this appeal the thrust of the appellants' several contentions is that the circuit court lacked jurisdiction to enter the order granting a trial de novo. The respondent contends otherwise and argues that the order of the circuit court granting the trial de novo is not an appealable order because it does not dispose of all the issues in the case and leaves the controversy for further determination. She argues that there has not been a determination in the circuit court on the merits, for as the matter now stands the appellants-administrators can assert as a defense in the circuit court the settlement agreement and the appellants could still be successful in the circuit court.

The appellants argue in their reply brief that the matter is ripe for appeal and that the order of the circuit court is an appealable order because (1) the sole issue before the circuit court was whether or not the probate court's order of April 7, 1975 should be set aside and that issue was decided when the circuit court granted the trial de novo and (2) section 512.020 RSMo. permits any party to take an appeal to a court having appellate jurisdiction from any order granting a new trial.

■ After examining the transcript and the authorities relied upon by the parties we are convinced that the order of the circuit court is not an appealable order and that the appeal in the posture presented must be dismissed as premature. It is our duty to determine if a final appealable judgment has been rendered before we undertake to consider the merits. It has been ruled many times that to be appealable the order or judgment must be final and dispose of all the issues in the cause. *Spires v. Edgar,* 513 S.W.2d 372, 373 (Mo.banc 1974); *Federal Deposit Insurance Corporation v. Crismon,* 516 S.W.2d 57, 58 (Mo.App.1974); *In re Estate of Ritter,* 510 S.W.2d 188, 189 (Mo.App.1974).

■ The order of the circuit court appealed from does not finally resolve all the issues before the trial court. The merits of the claim and the effect of the settlement have not been passed upon. The issue as presented by the appellants is one of jurisdiction of the trial court to entertain a trial de novo at all. The thrust of the appellants' attack on the order of the circuit court is a lack of jurisdiction to entertain an appeal from the order of the probate court denying the motion to set aside the allowance of April 7, 1975. The circuit court's determination that it has jurisdiction does not resolve all the issues presented to it for determination. Since we cannot presume the outcome of the appeal to the circuit court we have no jurisdiction to entertain an appeal at this time.

The contention of the appellants that under § 512.020 an appeal lies from any order granting a new trial is inapposite. That section is inapplicable to the facts here. That section authorizes an appeal from an order granting a new trial in a cause heard before the same court. That section is inapplicable to the unique facts of this case. *Cf. Adair County v. Urban,* 364 Mo. 746, 268 S.W.2d 801, 803 (Mo.banc 1954); *Travagliante v. J. W. Wood Realty Company,* 425 S.W.2d 208, 210–211 (Mo.1968).

■ The order of the circuit court was not an order granting a new trial but rather was an order granting an appeal from the probate court. Appellants' attack is upon the jurisdiction of the trial court to entertain such an appeal. The proper procedure here to attack the jurisdiction of the circuit court is through the extraordinary writ of prohibition not through an appeal of an interlocutory order.

We therefore dismiss the appeal without prejudice to the appellants for the purpose of the filing of an extraordinary writ.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.