In the Matter of Carl F. SEISER, a/k/a Carl Seiser, Deceased.

Berenice Ruth MEIER,
Plaintiff–Appellant,

v.

ESTATE of Carl F. SEISER, Robert C. Seiser and Elsie Roddeck, Administrators, Defendants–Respondents.

No. 41374.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Fred Roth, Clayton, for plaintiff–appellant.

J. Lloyd Wion, Clayton, for defendants–respondents.

CRIST, Judge.

Appeal from sustentation by the circuit court of a motion for summary judgment. We affirm.

The subject matter of this appeal is a claim by Berenice Ruth Meier (hereinafter referred to as "claimant") against the Estate of Carl F. Seiser (hereinafter referred to as "estate"). Reference is made to two other appeals involving the same party and the subject matter of this appeal: *Matter of Seiser*, 557 S.W.2d 263 (Mo.App.1977) and *State ex rel. Estate of Seiser v. Lasky*, 565 S.W.2d 792 (Mo.App.1978). We adopt much of the statement of facts contained in *Matter of Seiser*, without quotation marks and with changes and additions.

The events leading up to this appeal are as follows: After the demise of Carl F. Seiser an estate was opened in the probate court of St. Louis County. On February 13, 1975, claimant filed a claim therein for $95,400.00 for numerous services rendered to Mr. Seiser at his request from 1947 to the date of his death. These services consisted of helping decedent with his reading, writing, spelling, washing and pressing clothes, doing research on various securities, bringing dividend checks to his broker, furnishing food and drink, etc.

A hearing on the claim was set for April 7, 1975. On that date the parties by and through their attorneys entered into a written stipulation whereby the claim of claimant was allowed in the sum of $5,000.00. The stipulation was signed by the attorney for the claimant and by the attorney for the estate. Specific authority to settle the claim was given by claimant to her attorney. On April 3, 1975, she wrote to her attorney and stated: "After due discussion and conference with you, I hereby authorize you to settle any claim I may have against the Estate of Carl F. Seiser, deceased, for the best amount obtainable, but not less than $3,500.00." On the same date, the probate court entered an order, pursuant to the stipulation, allowing the same in the sum of $5,000.00, and placed it in the fifth class. Costs were assessed against the estate.

On July 21, 1975, some one hundred four days after the entry of the order allowing the claim, claimant filed her motion to set aside the order of April 7, 1975, allowing her claim, for the reason that "after due deliberation, reconsideration, and thorough reasoning about the matter, she feels that the agreement that she originally made was inadequate and therefore desires to have her claim heard by [the probate] Court in full." In the motion, she requested that her claim be reinstated on the docket for a hearing. The estate urged the probate court, for several reasons, to deny her motion to set aside the order of allowance.

On August 8, 1975, the probate court heard the motion to set aside, and, after hearing testimony from the movant and arguments, the probate court found "no good reason" to set aside the order allowing her claim because "the only evidence being that movant, the claimant, felt that the settlement of the claim was for an inadequate amount, there being no evidence of fraud, undue influence, mistake or mental incapacity." The probate court therefore denied the motion to set aside the allowance granted on April 7, 1975.

On August 20, 1975, an appeal by claimant was taken to the circuit court. In the circuit court a series of affidavits were filed by claimant and several other persons. In the affidavit of claimant, she swore that she performed numerous services for the benefit of the decedent and reiterated the statements made in the original claim filed on February 13, 1975 in the probate court. She also stated that she was engaged to the decedent and that he purchased a ring for her. She further stated, "I realized after I agreed to settle my claim for $5,000.00 that it was grossly inadequate and after I deliberated and reconsidered . . . I realized that it was a miscarriage of justice and a gross mistake to settle as cheaply." The affidavits of several other persons reinforced the settlements that claimant performed services for the decedent over the years and were in most respects identical to the affidavit of claimant.

The circuit court granted a trial de novo. The executors of the estate appealed that decision. *In the Matter of Seiser*, 557 S.W.2d 263 (Mo.App.1977), the order of the circuit court was determined to be non–appealable. The appeal was dismissed without prejudice to enable the estate to file for an extraordinary writ.

The estate then filed a preliminary writ of prohibition. The preliminary writ was granted and later discharged with a "caveat that the trial court should limit itself to a determination of the claimant's motion to set aside the probate court's order."

The only issue that was to be before the circuit court was "whether or not good cause was alleged and proved so as to justify setting aside a valid order of the probate

court." *State ex rel. Estate of Seiser v. Lasky*, 565 S.W.2d 792, 795 (Mo.App.1978).

Thereafter, a motion for summary judgment was filed in the circuit court by the estate claiming that claimant had not alleged or proved good cause to set aside her compromised claim. The circuit court sustained the motion and entered judgment in favor of the estate. The court found that claimant "did not allege or prove good cause in or on her motion to set aside the order of the probate court of April 7, 1975 approving the compromise of her claim against the estate."

The question is whether the lower court abused its discretion in not setting aside the April 7, 1975 order approving the stipulation of the parties. We find no abuse of discretion.

■ Claimant alleges that the circuit court misread § 472.150, RSMo. 1969, which provides for vacation of judgment by the probate court for *good cause.* She presumes the circuit court read the *good cause* requirement to encompass only those standards of equity–fraud, undue influence, mistake or mutual capacity–to set aside settlements in lawsuits. She seeks to have a less restricted standard applied. She opines the evidence as to the duration of her services would constitute good cause to set aside the order of the probate court. Claimant urges this evidence of good cause, should be in addition to the equitable relief in cases of fraud, duress and error. There in no showing that the court did not view good cause, in light of her allegation, that the settlement was grossly inadequate.

■ There has not been a sufficient showing of good cause to overturn the summary judgment of the circuit court. " 'Good cause' depends upon the circumstances of the individual case, and a finding of its existence is largely in the discretion of the office or court to which a decision is committed." *In the Matter of Estate of Waller*, 559 S.W.2d 312, 317 (Mo.App.1977) and *Wilson v. Morris*, 369 S.W.2d 402, 407 (Mo.1963). A settlement should not be lightly set aside. Inadequacy, as an after-

thought, was not sufficient good cause to set aside the settlement in this case.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.