John E. COOPER, et al., Respondents,

v.

W. Joseph KETCHERSIDE, M.D., Appellant.

No. WD 49697.

Missouri Court of Appeals, Western District.

Sept. 26, 1995.

J. Michael Shaffer, Gregory P. Forney, Kansas City, for appellant.

Walter R. Simpson, Sanders & Simpson, Kansas City, for respondents.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

ELLIS, Judge.

John E. Cooper and his wife, Betty Lou Cooper, brought a medical malpractice action against W. Joseph Ketcherside, M.D.[1] The case was tried to a jury which returned a verdict for Dr. Ketcherside. Cooper filed a Motion for New Trial which was sustained by the court. Dr. Ketcherside appeals.

On June 7, 1988, Dr. Ketcherside performed spinal surgery on Cooper. Dr. Ketcherside discovered he had to use an Anspach surgical drill to remove bone mate-

---

1. Betty Lou Cooper's claim was for loss of consortium. For simplicity, hereinafter, "Cooper" will be used to refer to Plaintiff John Cooper, individually, as well as to both Plaintiffs jointly.

rial from a vertebra. During the removal of the bone, the drill pierced an unprotected area of the dura and severed some nerves. As a result, Cooper is impotent, and his bowel and bladder control is impaired.

The Coopers filed a petition alleging that Dr. Ketcherside was negligent in that he lacked proper and adequate training in the use of the drill, failed to use the drill properly, failed to advise Cooper of the risks associated with using the drill, and failed to obtain his informed consent. At trial, under cross-examination by his own attorney,[2] Dr. Ketcherside stated that in his opinion he had complied with the standard of care regarding informed consent. Subsequently when Cooper's expert, Dr. Donald C. Austin, was to testify, Dr. Ketcherside filed a motion in limine seeking to prohibit Dr. Austin from testifying as to the standard of care when obtaining a patient's informed consent. The court sustained the motion, expressly finding that Dr. Austin's testimony on that issue was not permissible under Rule 56.01(b)(4) because Dr. Austin had neither disclosed an opinion regarding informed consent and the applicable standard of care for obtaining a patient's informed consent during his deposition nor provided a supplement to his deposition testimony. Cooper then made an offer of proof with Dr. Austin and, afterwards, asked the court to reconsider its decision to exclude Dr. Austin's testimony addressing the issue of informed consent. The court affirmed its earlier ruling. Subsequently, Dr. Ketcherside showed to the jury a video-taped deposition of his expert, Robert Morantz, M.D., in which Dr. Morantz stated that in his opinion Dr. Ketcherside had met the standard of care in obtaining Cooper's informed consent.

Prior to closing arguments, the court held an instruction conference at which the informed consent portion of the verdict director was removed over Cooper's objection. The jury returned a verdict in favor of Dr. Ketcherside. Cooper subsequently filed a motion for new trial. After a hearing, the trial court granted the motion based solely on its belief that Dr. Austin should have been allowed to testify on the issue of informed consent and that had he been allowed to do so, the issue of informed consent could have been submitted to the jury. Dr. Ketcherside now appeals.

■ "On a motion for new trial, a trial court may reconsider its rulings on discretionary matters and may order a new trial if it believes its discretion was not wisely exercised and that the losing party was thereby prejudiced." *State ex rel. Missouri Highway & Transp. Comm'n v. Pedroley,* 873 S.W.2d 949, 953 (Mo.App.1994). The admissibility of evidence, including the testimony of an expert, is a matter within the discretion of the trial court. *See King v. Copp Trucking, Inc.,* 853 S.W.2d 304, 307 (Mo.App.1993). Therefore, on review, we are limited to determining whether the trial court abused its discretion in finding prejudice. *Pedroley,* 873 S.W.2d at 953. We have previously stated:

> Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*Green v. Fleishman,* 882 S.W.2d 219, 223 (Mo.App.1994). Finally, appellate courts apply a rule of greater liberality in upholding a trial court's action in sustaining a motion for a new trial, than in denying it. *Girratono v. Kansas City Pub. Serv. Co.,* 272 S.W.2d 278, 281 (Mo.App.1954).

■ In his first point, Dr. Ketcherside alleges the trial court erred in granting Cooper's motion for new trial on the ground that Dr. Austin should have been allowed to testify regarding the standard of care for obtaining a patient's informed consent. Dr. Ketcherside contends such testimony was properly excluded at trial because Dr. Austin did not state his opinion regarding informed consent and the applicable standard of care for obtaining a patient's informed consent during his deposition. Dr. Ketcherside then carries

**2.** Ketcherside had been called as a witness by Plaintiff Cooper.

this logic forward, asserting that since it was proper to exclude the testimony, the trial court had no discretion to grant a new trial, and we owe no deference to the trial court's decision. This reasoning is specious.

Rule 56.01(b)(4) permits a party to obtain, through pre-trial interrogatories or depositions, facts known and opinions held by experts whom the other party anticipates calling as witnesses at trial. "Where a party has made a response to interrogatories and subsequently learns that the response is no longer true, although correct when made, he is under a duty seasonably to amend the response." *Gassen v. Woy*, 785 S.W.2d 601, 603 (Mo.App.1990). In *Gassen*, this court held the same rule applicable to matters disclosed in depositions as well. *Id.* at 604. When evidence has not been disclosed in response to appropriate discovery, a trial court is vested with broad discretion as to its choice of a course of action and may, in the sound exercise of its discretion, reject such evidence or impose other appropriate sanctions. *Green*, 882 S.W.2d at 222. Thus, the trial court had the *discretion* to prohibit Cooper from eliciting Dr. Austin's opinion regarding the standard of care for obtaining a patient's informed consent.

Dr. Ketcherside misconstrues *Gassen* and *Green*, and contends, in effect, that the trial court *must* exclude the evidence. Based on this erroneous premise, he then cites *Gray v. St. Louis–San Francisco Ry.*, 363 Mo. 864, 254 S.W.2d 577 (banc 1952), for the proposition that where the admissibility of particular evidence is a question of law, and the trial court properly admitted the evidence, it has no discretion to grant a new trial. The fallacy of the argument as applied to the case at bar is apparent. The decision whether to admit Dr. Austin's opinion testimony on the standard of care for obtaining informed consent was not a question of law, but rather a matter within the sound discretion of the trial court. Thus, on the motion for new trial, the court properly reconsidered its ruling on this discretionary matter, concluded that its discretion had not been wisely exercised, and that Cooper was thereby prejudiced. We cannot say that the trial court's decision was "clearly against the logic of the

circumstances ... and ... so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration...." *Green*, 882 S.W.2d at 223.

The trial court certainly had the discretion to exclude Dr. Austin's testimony under our decision in *Gassen*. By the same token, it was under no compulsion to do so. From the record, it is clear that the trial court initially felt its ruling precluding Dr. Austin's testimony was correct because there had been no supplementation on the issue of standard of care for informed consent. Cooper alleged in his petition that Ketcherside was negligent by failing to advise him of the risks involved in the use of the drill and failed to obtain an informed consent. In Austin's deposition, his opinion on the standard of care regarding informed consent was not brought out. Cooper failed to supplement Austin's deposition by providing information on that issue prior to trial. If the matter had ended at this point, the trial court would have undoubtedly continued to feel comfortable with its initial ruling. However, the matter did not end here.

Dr. Ketcherside chose to inject the informed consent issue back into the trial. During his case, Dr. Ketcherside repeatedly proffered his compliance with the standard of care. Dr. Ketcherside's attorney first raised the issue in his opening statement where he told the jury, "Dr. Ketcherside will testify that it is not his routine nor does the standard of care require that a physician sit down with a patient and tell them every single instrument they might use and what the complications might be. So that's an issue you're going to have to decide." Later, Dr. Ketcherside testified that he thought he had complied with the standard of care as it related to obtaining Cooper's informed consent. Cooper tried to respond to Dr. Ketcherside's self-serving testimony with Dr. Austin's opinion of the informed consent issue but was precluded when the trial court granted Dr. Ketcherside's motion in limine. After securing the protection of the motion in limine, Dr. Ketcherside proceeded with his case by presenting the testimony of his expert, Dr. Robert Morantz, who testified that in his opinion Dr. Ketcherside had complied

with the standard of care regarding informed consent. Finally, even though informed consent was removed from the jury instructions and would not be submitted for the jury's consideration, in his closing arguments, Dr. Ketcherside again raised the issue of the standard of care for informed consent.

In considering the motion for new trial, and upon reflection, the trial court properly recognized the exclusion of Dr. Austin's testimony prevented Cooper from rebutting an affirmative issue injected into the case by Dr. Ketcherside. The trial court concluded that Cooper should have been permitted to elicit testimony from Dr. Austin to rebut Dr. Ketcherside's evidence, and that had such evidence been admitted, the issue of informed consent would have been submitted to the jury. As a result, the trial court found that Cooper had been prejudiced and was entitled to a new trial.

We will not convict the trial court of an abuse of its discretion under such circumstances. This point is denied. Furthermore, our resolution of this issue is dispositive of the appeal and makes it unnecessary to address Dr. Ketcherside's other points.

The decision of the trial court granting a new trial is affirmed.

All concur.