**Anthony NGUYEN, a minor, By and Through his father and next friend, Aaron NGUYEN, Respondents,**

v.

**Marcia V. HAWORTH, Appellant.**

No. WD 51189.

Missouri Court of Appeals,
Western District.

March 5, 1996.

John E. Franke, Bradley C. Nielsen, Franke & Schultz, P.C., Kansas City, for appellant.

Mark A. Buchanan, The Popham Law Firm, P.C., Kansas City, for respondents.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

ULRICH, Judge.

Marcia V. Haworth asserts on appeal that the trial court erred in granting a new trial. In granting the motion, the court determined the admission of Hannah Nguyen's testimony on cross-examination, over plaintiff's objection, regarding Ms. Nguyen's plans to sue Ms. Haworth soon after Ms. Nguyen's four-year-old son Anthony was struck by a vehicle driven by Ms. Haworth was error. Ms. Haworth asserts that the court's determination does not constitute sufficient grounds for a new trial and that Anthony Nguyen was not prejudiced by the jury's hearing the testimony. Anthony sued through his father and next friend, Aaron Nguyen. The order of the trial court granting a new trial is affirmed.

On May 9, 1992, Anthony Nguyen was involved in a vehicle/pedestrian accident when he was running across the street and was struck by a vehicle driven by Marcia V. Haworth. Anthony was four years old at the time of the accident. He sustained a broken femur and lacerations to his head and chin.

The day after the accident Hannah Nguyen, Anthony's mother, took pictures of Anthony in his hospital bed showing his injuries. During cross examination Ms. Haworth's attorney asked Ms. Nguyen whether she had taken the pictures because she was contemplating suing Ms. Haworth. The Nguyens' counsel objected, claiming the information sought was irrelevant. The trial court overruled the objection on the basis that the answer to the question could be used to show bias. The court, however, limited inquiry.

In closing argument, Ms. Haworth argued that the photographs were taken because Ms. Nguyen intended to sue Ms. Haworth. Counsel stressed that the Nguyens were trying to profit from the accident. The jury returned a verdict in favor of Ms. Haworth. The trial court granted a new trial, determining that it had erred in allowing Ms. Haworth to ask Ms. Nguyen if she took photos of her injured son because she planned to sue Ms. Haworth.

In reviewing a trial court's grant of new trial, this court indulges every reasonable inference favoring the trial court's ruling. *Hacker v. Quinn Concrete Co., Inc.,* 857 S.W.2d 402, 415 (Mo.App.1993). On review, appellate courts are more liberal in upholding action of the trial court sustaining a motion for new trial than when one has been denied. *Cooper v. Ketcherside,* 907 S.W.2d 259, 260 (Mo.App.1995). The trial court's grant of a new trial is presumptively correct

and will be disturbed only in the event of manifest abuse of discretion. *Carpenter v. Chrysler Corp.*, 853 S.W.2d 346 (Mo.App. 1993).

■ While evidence is admissible to show interest or bias in order to discredit a witness, *State v. Tivis*, 884 S.W.2d 28, 32 (Mo.App.1994), a party's utilizing the legal system is not normally a basis to discredit the witness. *Carlyle v. Lai*, 783 S.W.2d 925, 929 (Mo.App.1989). Additionally, any attempt to prove interest or bias is subject to limitations imposed by the trial judge in his discretion. *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 869 (Mo. banc 1993).

■ This case is similar to *Carlyle*. While the question asked during cross examination at trial appeared to the trial court to be within the acceptable range of inquiry to demonstrate bias or interest, the trial court concluded after trial that the evidence was improperly admitted and prejudicial to the plaintiff and should have been excluded. *Carlyle*, 783 S.W.2d at 930. The purpose of a motion for new trial is to allow the trial court the opportunity to reflect on its action during the trial. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 804 (Mo.App. 1984). If error is found in this reflection, the proper remedy is to grant a new trial.

■ Ms. Haworth's counsel argued during closing argument that the Nguyens were trying to profit from their child's injury and that the case should not have been brought. The testimony elicited, over objection, from Ms. Nguyen on cross examination regarding the photographs was the basis for the argument. The testimony was used not to show Ms. Nguyen's relationship to Anthony but to portray the Nguyens as avaricious. Exercising one's right to utilize the legal system should not normally be used to attempt to discredit a litigant before a jury. *Carlyle*, 783 S.W.2d at 929. The trial judge sits as an intimate observer and is in the best position to determine the effect admission of evidence has upon the case. *Farley*, 673 S.W.2d at

806. Admission of testimony from Ms. Nguyen regarding her plans to sue Ms. Haworth for injury sustained by her son may have affected the entire case, not just the damages element. The trial court did not abuse its discretion in granting a new trial based on the improper admission of Ms. Nguyen's cross-examination testimony.

The order of the trial court granting a new trial is affirmed.

All concur.