**MFA OIL COMPANY, Respondent,**

v.

**ROBERTSON–WILLIAMS TRANSPORT, INC.,**
**Appellant.**

**No. WD 57115.**

Missouri Court of Appeals,
Western District.

Submitted Nov. 10, 1999.

Decided March 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 2000.

Application for Transfer Denied
June 27, 2000.

Gregory N. Pottorff, Hal D. Meltzer, Kansas City, for appellant.

Stephen S. Brown, Kansas City, for respondent.

Before JAMES M. SMART, P.J., JOSEPH M. ELLIS and EDWIN H. SMITH, JJ.

JAMES M. SMART, Jr., Judge.

Robertson–Williams Transport, Inc. ("Robertson") appeals an order of the trial court granting MFA Oil Company ("MFA") a new trial based upon instructional error. Robertson contends that the trial court erred because MFA waived objection to the faulty instruction because it failed to raise any objection before the jury retired; the instruction dealt solely with the issue of damages; MFA failed to offer a clarifying instruction; the jury was not told the source of the instruction; the instruction correctly submitted the issue of damages; and the trial court's answer to the jury's question about the instruction correctly explained what the jury had to do.

## Factual Background

On October 27, 1993, MFA entered into an agreement with Robertson for Robertson to transport diesel fuel to MFA's bulk plants in Missouri. Robertson transported the fuel to MFA's Warrensburg and Albany plants. MFA then resold the fuel to its customers for use in diesel engine equipment. MFA filed suit against Robertson on September 3, 1996, alleging that the fuel had been contaminated with calcium chloride. MFA alleged that as a result of using contaminated fuel, its customers' diesel engines-were damaged and that MFA had reimbursed its customers for the losses they sustained due to use of the contaminated fuel. Although several theories were alleged, including negligence, strict liability, and breach of contract, the case was submitted to the jury only on breach of the implied warranty of merchantability.

The case was tried in December, 1998. The trial court submitted an instruction on mitigation of damages, tendered by Robertson, to the jury. Counsel for Robertson inadvertently represented that the instruction was from MAI 32.07. The instruction in question was actually based on MAI 32.07(a), a "failure to mitigate damages" instruction designed for use in FELA cases. Instruction No. 7 read:

If you find in favor of plaintiff, you must find that plaintiff failed to mitigate damages if you believe:

First, either: plaintiff failed to adequately investigate and evaluate individual claims for engine repair, or

plaintiff failed to verify the nature and extent of damages, or

plaintiff failed to investigate whether repairs were reasonably necessary, or

plaintiff failed to verify whether each claim of engine damage involved the purchase of fuel after Robertson–Williams' October 27, 1993 delivery and prior to the time the Albany Key Pump was closed, and

Second, plaintiff, in one or more of the respects submitted in Paragraph First thereby failed to use ordinary care, and

Third, plaintiff thereby sustained damage which would not have occurred otherwise.

MFA objected to Instruction No. 7 on the ground that there was no credible evidence to support every disjunctive submission. Plaintiff MFA also objected on the grounds there was no evidence that even if MFA had done the things listed in the instruction, the damages would have been reduced.

During deliberations, the jury questioned the court about Instruction No. 7. The written question was as follows:

Instruction # 7 If you find in favor of plaintiff, you must find that plaintiff.... This appears that this instruction deals with findings in favor of the defendant not this plaintiff. Each statement in # 1 begins with 'plaintiff failed to.'

Plaintiff MFA asked the court to instruct the jury to ignore Instruction No. 7 altogether because the instruction was not appropriate for this case because it was intended for a FELA case, and does not instruct the jury as to what they should do if they believe mitigation was required. The court responded to the jury's question:

> If you find for plaintiff under Instruction # 5, but you find that plaintiff failed to mitigate its damages under Instruction # 7, you may reduce the damages awarded to plaintiff by an amount supported by the evidence.

The jury later submitted another question to the court:

> In order to find for Plaintiff must we believe that all 5 items are true on Instruction 5. In other words if we don't agree with one of the statements do we find for defendant.

The court answered, "The court is not permitted to respond to this question. The jury will be guided by the evidence and the instructions."

The jury returned a verdict in favor of Robertson. MFA filed a motion for new trial arguing, inter alia, that the trial court erred in giving Instruction No. 7:(1) because it was represented to be from MAI 32.07 which has been withdrawn and is no longer used; and (2) it was an erroneous statement of the law and failed to explain to the jury what they were to do if they found that mitigation was required. The trial court granted MFA's motion, finding that it erred in giving Instruction No. 7, mentioning that the instruction "was represented to be from MAI 32.07, which had been withdrawn and was no longer used," and that "such instruction was an erroneous statement of the law and failed to explain to the jury what it was to do if the jury did in fact find such mitigation [was required]."

Robertson appeals the trial court's grant of a new trial to MFA.

## Standard of Review

■ Where a new trial has been granted due to instructional error, the appellant must show either that the instruction given was not erroneous, or that the instruction "created no substantial potential for prejudicial effect." *Lashmet v. McQueary,* 954 S.W.2d 546, 549 (Mo.App.1997). The appellate court in such a case examines the record to determine whether the instruction in question was erroneous, and, if found to be so, whether such instruction prejudiced the party challenging the instructions. *Id.*

## Discussion

The appellant has not provided a transcript of the trial except for the instruction conference and the portion of the trial involving the questions sent by the jury after it started deliberating. We do know, however, that the instructions provided the jury were not complete in that the mitigation of damages instruction should have been tied into the damage instruction by language indicating that if the jury found that Plaintiff MFA failed to mitigate its damages, the jury should reduce the award to Plaintiff MFA by an amount supported by the evidence. Apparently, the court and counsel realized that the instructions were incomplete when the jury sent its first question to the court. After conferring, the court responded to the jury with this statement:

> If you find for plaintiff under Instruction No. 5, but you find that Plaintiff failed to mitigate its damages under Instruction No. 7, you may reduce the damages awarded to plaintiff by an amount supported by the evidence.

There is no indication that any other relief was requested at that time by either party.[1] Nevertheless, after the verdict for

---

1. Plaintiff did request that the court strike Instruction No. 7 altogether. When the court refused to strike the instruction, plaintiff, without intending to waive any objection, nev- ertheless agreed that it had no objection to the response the court was providing. Plaintiff made no other request for any relief.

defendant, and after receipt of Plaintiff MFA's motion for new trial, the trial court evidently believed that the instructions provided the jury were inadequate and that there was a likelihood that prejudice resulted. Accordingly, the trial court granted a new trial on grounds of instructional error.

Appellant Robertson points out that Rule 70.03 requires specific objections to instructions be made prior to the time the jury retires to deliberate. Robertson argues that therefore the trial court erred in awarding a new trial, even if the instruction was erroneous. It is true that the trial court could have regarded MFA's claim of error as not preserved. However, the trial court has discretion to grant a new trial when it finds that error occurred, whether or not there was a timely objection. "A trial court has the right, in the proper exercise of its discretionary power, to grant a new trial on account of any erroneous ruling, whether an objection has been made or not." *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App.1997). We are provided no authority to the effect that the trial court is required to invoke waiver against a party in such an instance. Also, Rule 78.08 makes clear that the court can grant a new trial on a matter not preserved when necessary to avoid manifest injustice or miscarriage of justice. Rule 78.08. The trial court correctly regarded the instruction as erroneous, and the court also regarded the error as prejudicial. Although we have the right to review the trial court's finding of prejudice, in this case we are hindered in doing so by the lack of an adequate transcript.[2] Accordingly, we conclude that appellant has not demonstrated that the trial court erred in granting a new trial.

**2.** Rule 81.17 provides that "when a review of the evidence" is not necessary for the reviewing court to pass on "legal questions with respect to instructions given," the appellant need not include that evidence in the record on appeal. The rule still requires the appellant to exercise judgment as to when a review of the evidence is necessary.

The order of the trial court awarding a new trial is affirmed.

ELLIS and EDWIN H. SMITH, JJ., concur.

Robertson argues that there could be no prejudice because the court, in responding to the jury's questions, gave them the same language the court should have given in the formal instructions. We are unwilling to say, especially without a transcript, that the court's informal response to the jury question removed any likelihood of prejudice as a matter of law.