Melvin M. FIELDS, Christine
Wardlow, Respondents,

v.

Norbert HENRICH, Sharon
Henrich, Appellants.

No. WD 60976.

Missouri Court of Appeals,
Western District.

May 6, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 2003.

Application for Transfer Denied
Aug. 26, 2003.

James H. Ensz, Kansas City, MO, for
appellant.

Philip F. Cardarella, Kansas City, MO,
for respondent.

Before SPINDEN, P.J., BRECKENRIDGE and NEWTON, JJ.

PATRICIA BRECKENRIDGE, Judge.

Melvin M. Fields and Christine Wardlow sued Norbert and Sharon Henrich for the wrongful death of their son, Melvin Michael Fields, II. A jury returned a verdict for Michael's parents and awarded them $10,000 in damages. Michael's parents then filed a motion for new trial on the issue of damages only, while the Henriches filed a motion for a judgment notwithstanding the verdict or, in the alternative should the court grant the parents' motion for new trial on the issue of damages, a new trial on all of the issues. The court subsequently granted both parties' motions for new trial and ordered a new trial on all of the issues. The Henriches appeal. On appeal, the Henriches contend that the court erred in ordering a new trial because, as a matter of law, Michael's parents failed to make a submissible case under the proper standard. Because the granting of the Henriches' motion for new trial erased any adverse judgment against them, this court finds that the Henriches are not aggrieved and, therefore, are not entitled to proceed with their appeal. The Henriches' appeal is dismissed.

**Factual and Procedural Background**

On May 16, 1998, two-year-old Michael went with his grandmother to a graduation party at Russell and Velma Stapleton's home, which was located outside of Smithville. During the party, Michael, who had been running in and out of the house with other children at the party, disappeared. He was later found unconscious in a sewage pond located on neighboring property. The neighboring property was owned by the Henriches. Michael died from his injuries.

Michael's parents brought a wrongful death claim against the Henriches, asserting that the Henriches were negligent for their failure to have a fence around their sewage pond.[1] A jury trial was held. During the trial, the parties stipulated that Michael's medical bills were $14,626, and it was uncontested that his funeral expenses were $4,886.59. On November 27, 2001, the jury returned a verdict in favor of the parents and awarded them $10,000 in damages. The court entered judgment on the verdict. Michael's parents then filed a motion for a new trial on the issue of damages only. The parents argued that the $10,000 damages award was unreasonable, against the weight of the evidence, shockingly inadequate, and the result of passion, prejudice, or gross abuse of discretion by the jury.

In response, the Henriches filed what they entitled, "Defendants Norbert Henrich and Sharon K. Henrich's Motion for Judgment Notwithstanding the Verdict and Alternative Motions." In their motion for judgment notwithstanding the verdict (JNOV), the Henriches argued that there was no substantial evidence that they were grossly negligent in the maintenance of their premises. They argued that the Missouri Recreational Land Use Act, section 537.345, et seq., RSMo 2000,[2] requires a finding of gross negligence before they can be held liable for Michael's death.

Following their request for a JNOV, the Henriches had a section titled, "Alternative Post Trial Motions for the Trial Court's and Appellate Court's Consideration Should Plaintiffs' Motion for New Trial Be Granted." Under this heading,

1. The parents also filed a wrongful death claim against the Stapletons but dismissed it prior to trial.

2. All statutory references are to the Revised Statutes of Missouri 2000.

the Henriches listed three rulings by the trial court that they alleged were erroneous. Specifically, the Henriches alleged that the trial court erred as a matter of law by (1) failing to take judicial notice of the Missouri Recreational Land Use Act; (2) failing to submit the Henriches' tendered instructions that asserted the gross negligence standard established by the Missouri Recreational Land Use Act; and (3) allowing into evidence the Clay County ordinances, rules, and regulations.

The court held a hearing on the parties' post-trial motions.[3] Following the hearing, the court made a docket-entry judgment. In the judgment, the court stated that it was denying the Henriches' motion for JNOV, but granting them a new trial with the understanding of the parties that gross negligence would be the standard submitted to the jury and the Henriches would be entitled to submit evidence of the Missouri Recreational Land Use Act statutes. The court also stated that it was granting the parents' motion for new trial. The Henriches filed this appeal.

### The Henriches Are Not Aggrieved

■ Before considering the Henriches' appeal, this court must first determine whether it has jurisdiction to do so. In their brief, Michael's parents argue that the granting of the Henriches' new trial

motion erased any judgment against the Henriches. Because there is no longer a final judgment from which the Henriches can appeal, the parents assert that the Henriches' appeal must be dismissed.

■ To maintain an appeal, a party must be aggrieved by an adverse judgment. Section 512.020.[4] When a party files a motion for a JNOV or, in the alternative, for a new trial, and the court grants the new trial, "[t]he granting of a new trial eliminated the adverse judgment against [the party] from which it might have appealed." *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84, 85 (Mo. banc 1990). Under these circumstances, there is no final appealable judgment, nor is the party aggrieved with standing to appeal. *Trinity Lutheran Church v. Lipps*, 68 S.W.3d 552, 556 (Mo.App.2001). Therefore, the party's appeal must be dismissed. *Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 796 S.W.2d 369, 370 (Mo. banc 1990); *Meinhold v. Huang*, 687 S.W.2d 596, 598 (Mo.App.1985).

In arguing against dismissing their appeal, the Henriches claim that they are, in fact, aggrieved because they are being "subjected to a new trial" that they did not seek in their post-trial motion. They contend that the "express intent" of their after-trial motion was to obtain a JNOV but, "absent a favorable ruling, to be al-

**3.** During the hearing, the court also referred to a motion for additur filed by Michael's parents. This motion was not included in the record on appeal. In its docket-entry judgment, the court stated that its order granting the parents' motion for new trial rendered their motion for additur moot.

**4.** Section 512.020 provides:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or

order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

lowed to pay the judgment on the verdict and be relieved from any new trial that might be granted [Michael's parents]." The Henriches note that their alternative motion for a new trial was conditioned upon the trial court's granting the parents a new trial on the issue of damages. Because, at the hearing, the Henriches stated that they were "not looking for a new trial in this case," and were "certainly accepting of the verdict as it currently exists," the Henriches argue that the court actually granted a new trial on its own motion, and not in response to any motion they filed.

■ Cases have held that where the defendant loses at trial and does not seek a new trial, but the court grants a new trial *on its own motion or at the request of the plaintiff,* the defendant may appeal the new trial order. *Quinn v. St. Louis Pub. Serv. Co.,* 318 S.W.2d 316, 321 (Mo.1958); *Kirst v. Clarkson Constr. Co.,* 395 S.W.2d 487, 489 (Mo.App.1965). The defendant is aggrieved under these circumstances because the new trial order "deprived defendant of its attained position in the litigation and of its right to conclude the suit and forever terminate its liability upon plaintiff's cause of action by paying the judgment and costs[.]" *Kirst,* 395 S.W.2d at 489. The defendant's failure to seek a new trial indicates that it "was satisfied to let the judgment . stand." *Quinn,* 318 S.W.2d at 321. Thus, because the new

trial was an order which the defendant did not seek, the defendant is aggrieved and can appeal. *Id. See also Adair County v. Urban,* 364 Mo. 746, 268 S.W.2d 801, 805 (1954).

That is not the case here, however. Contrary to the Henriches' claim on appeal, their after-trial motions clearly sought a JNOV or, in the alternative, a new trial. Although the Henriches' new trial motion was conditioned upon the court's granting the parents' motion for new trial, the record shows that this condition was met. The court granted the parents' new trial motion.[5]

■ While the Henriches assert in their point relied on that the trial court's action they are challenging is the granting of the parents' new trial motion, the Henriches do not contest the grounds upon which the court granted the parents' new trial motion or the manner in which the court granted the parents' motion.[6] Rather, the Henriches' allegation of error is that the trial court erred in granting the parents' new trial motion because the parents failed to make a submissible case under the gross negligence standard. Had Michael's parents appealed the granting of the Henriches' motion for new trial,[7] the Henriches would be permitted to challenge the submissibility of the parents' case despite the dismissal of the Henriches' appeal. *Cmty.*

---

5. The Henriches point out that the trial court granted a new trial on their alternative motion before it granted the parents' motion for a new trial, as though this fact is significant. During the hearing on the after-trial motions, the trial court did not indicate that it was purposely considering the Henriches' alternative motion before the parents' new trial motion. The court stated that it was simply going to "take [the motions] in the order in which [it][saw] them." That the court granted the parents' new trial motion after granting the Henriches' alternative new trial motion does not diminish the fact that the court granted the parents' new trial motion. So long as the trial court granted the parents'

new trial motion, the condition of the Henriches' alternative motion was met.

6. The grounds for a new trial asserted by the parents in their new trial motion were that the Henriches' counsel violated an *in limine* order and made improper arguments during closing. The trial court did not state the grounds upon which it granted the parents' new trial motion, despite the fact that Rule 78.03 required it to do so.

7. Presumably, Michael's parents were aggrieved by the court's granting the Henriches' motion for new trial even though the court

*Title Co.*, 796 S.W.2d at 370–71. This is so because the submissibility of the plaintiff's case is "an issue inherent in every appeal." *Trinity Lutheran*, 68 S.W.3d at 557. If this court found that the parents failed to make a submissible case, the new trial order would be reversed and the cause would be remanded for entry of a JNOV. *Cmty. Title Co.*, 796 S.W.2d at 371. Because the parents did not appeal, however, this court has no jurisdiction to review the Henriches' claim that the parents failed to make a submissible case. *Id.* at 370–71.

The trial court's order granting a new trial removed any adverse judgment that might have aggrieved the Henriches. *Id.* at 370. Therefore, their appeal must be dismissed. *Id.*

All concur.

also granted the parents' new trial motion. The difference between the parents' standing to appeal and the Henriches' standing is that, in the parents' motion, they sought a new trial on the issue of damages only, while the Henriches asked for a new trial on all issues. Thus, when the court granted a new trial on

all issues, the new trial was one for which the parents did not ask in their motion. *See Page v. Hamilton*, 329 S.W.2d 758, 762 (Mo.1959). It is not necessary for this court to decide whether the parents could have appealed, though, since they did not.