**Jennifer ANDERSON, Ron Anderson, Elsie Helstein and Carolyn Neidholdt, Respondents,**

v.

**KOHLER COMPANY, Appellant.**

**No. ED 83710.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 14, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 18, 2005.

Application for Transfer Denied
Sept. 20, 2005.

Thomas B. Weaver, Cynthia A. Petracek (co-counsel), Stephen M. Schoenbeck (co-counsel), St. Louis, MO, for appellant.

Michelle B. O'Neal, Patrick M. Martucci (co-counsel), Joplin, MO, Russell F. Watters (co-counsel) St. Louis, MO, for respondents.

## OPINION

GLENN A. NORTON, Judge.

A jury found Kohler Company liable for the wrongful deaths of Randy and Lois Anderson, apportioned fault amongst Kohler, another defendant and the Andersons and awarded compensatory and aggravating circumstances damages against Kohler. The trial court granted a new trial based on an evidentiary error and on the excessiveness of the aggravating circumstances damages. Kohler appeals, and we affirm.

## I. BACKGROUND

Kohler manufactured the gas-powered generator on the Andersons' boat, which expelled carbon monoxide through a black iron pipe to the outside of the boat. The inside of the pipe corroded and caused carbon monoxide to leak into the boat cabin, causing the deaths of the Andersons and two of their guests. The Andersons' relatives ("the plaintiffs") sued Kohler, claiming that use of black iron for the exhaust pipe was a design defect. The plaintiffs alleged that Kohler failed to adequately warn at the time of sale or after about the risk that the pipe could corrode and cause a carbon monoxide leak. Kohler maintained that the Andersons were partially at fault because either they failed to adequately inspect or maintain the exhaust system or because they knew or should have known that the pipe could leak and that the generator was not reasonably safe to use.

After a four-week trial, the jury returned verdicts in favor of the plaintiffs, apportioning fault for the death of Lois Anderson as follows: 50% to Kohler, 45% to another defendant and 5% to Lois Anderson. For Randy Anderson, the jury apportioned 40% of the fault to Kohler, 30% to the other defendant and 30% to Randy Anderson. Compensatory damages for both deaths were awarded against Kohler and the other defendant totaling $525,950, after reducing to account for the Andersons' comparative fault. After additional evidence, the jury awarded a total of $25 million dollars in aggravating circumstances damages against Kohler for both deaths. The court entered judgment on these verdicts. Kohler moved for a judgment notwithstanding the verdicts, arguing that the plaintiffs failed to make a submissible case for aggravating circumstances damages. Alternatively, it sought a reduction of the aggravating circumstances damages as ex-cessive under federal law. Kohler did not request a new trial. The plaintiffs did, however, move for a new trial on all claims. They argued, among other things, that the trial court erred by admitting evidence that a guest on the Andersons' boat had joked about everyone dying from carbon monoxide poisoning.

■ The court heard arguments on the parties' post-trial motions. The court granted the plaintiffs' motion for new trial, concluding that the joke was not relevant and that its admission was prejudicial to the plaintiffs. On its own motion, the court also found that a new trial must be granted for the additional reason that, under Missouri state law, the aggravating circumstances damages were so excessive as to indicate prejudice. The court did not address the federal issues relating to aggravating circumstances damages raised in Kohler's motion for JNOV and denied that motion as moot. On appeal, Kohler challenges the propriety of granting a new trial and denying its motion for JNOV.

## II. DISCUSSION

### A. Jurisdiction on Appeal

■ An order granting a new trial is appealable only by a party aggrieved by that order. Section 512.020 RSMo 2000. The plaintiffs contend that Kohler is not aggrieved because the new trial order had the effect of vacating an adverse judgment against Kohler. When a defendant loses at trial and does not seek a new trial, but the court orders a new trial either on its own motion or on a plaintiff's motion, the defendant may appeal the new trial order. *Fields v. Henrich,* 112 S.W.3d 50, 53 (Mo. App. W.D.2003) (citing *Quinn v. St. Louis Public Service Co.,* 318 S.W.2d 316, 321 (Mo.1958) and *Kirst v. Clarkson Construction Co.,* 395 S.W.2d 487, 489 (Mo.App. 1965)). "The defendant is aggrieved under

these circumstances because the new trial order deprived defendant of its attained position in the litigation and of its right to conclude the suit and forever terminate its liability judgment and costs." *Fields,* 112 S.W.3d at 53 (internal quotation marks omitted). By not seeking a new trial, the defendant indicates a willingness to let the judgment stand. *Id.*

■ When a defendant files no post-trial motions, his preference to conclude the litigation—even with an adverse judgment—is obvious. *See Adair County v. Urban,* 364 Mo. 746, 268 S.W.2d 801, 805 (1954). Here, Kohler did file post-trial motions, but sought only to have the judgment amended as to aggravating circumstances damages and did not seek a new trial on any issue. This indicates Kohler's willingness to let the judgment stand at least as to liability and compensatory damages, and the new trial order deprives Kohler of its attained position on those issues. Kohler is, therefore, an aggrieved party, and we have jurisdiction over this appeal. The plaintiffs' motion to dismiss the appeal is denied.

## B. Grant of New Trial Based on Erroneous Admission of Evidence

■ Marie Setser, a guest on the Andersons' boat the weekend of their deaths, testified in a deposition that she had had discussions with the Andersons about the dangers of carbon monoxide poisoning in general:

> It was a very brief discussion the Saturday that I was there on the boat, and it involved [the Andersons and Robert Stein] and myself.
>
> * * * *
>
> ... And they were working on the air conditioner. And there was air flowing out of the air conditioner. And [Stein] was kneeling on the steps by the air conditioner. And [Stein] was a very—a

very joyous person, very happy person. And he made a comment—something to the effect of, Watch, we're going to sit here and die of carbon monoxide poisoning. And, of course, at that time, it was a joke. You know, it was not even an issue, not even something that you would think about, just one of those things that he said in conversation, laughed, ha, ha, ha. We all cracked up, and basically that was the end of the conversation. They were just trying to get the air conditioner to work.

The plaintiffs' motion *in limine* to exclude Setser's testimony about Stein's comment was denied. Kohler contends that the court's later grant of a new trial based on the erroneous admission of this evidence was improper. We disagree.

■ On a motion for new trial, the trial court may reconsider its rulings on discretionary matters, such as the admissibility of evidence, and may order a new trial if it believes that its discretion was not wisely exercised and that the losing party was thereby prejudiced. *See State ex rel. Missouri Highway and Transportation Commission v. Pedroley,* 873 S.W.2d 949, 953 (Mo.App. E.D.1994). Our review in these circumstances is limited to determining whether the trial court abused its discretion in finding prejudice. *Id.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. *Guzman v. Hanson,* 988 S.W.2d 550, 554 (Mo.App. E.D.1999). If reasonable people can differ about the propriety of the trial court's action, then we cannot say that the trial court abused its discretion. *Id.* We are more liberal in affirming the grant of a new trial than the denial of a new trial. *Id.*

 The parties disagree about the relevance of Setser's testimony to the issues of comparative fault and proximate cause. "The test for relevancy is whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence." *Morehouse v. Behlmann Pontiac–GMC Truck Service, Inc.*, 31 S.W.3d 55, 60 (Mo.App. E.D.2000). We tend to agree with the plaintiffs that this testimony has little probative value to the issues of the Andersons' awareness—for purposes of rebutting proximate cause or establishing comparative fault—that the generator might leak carbon monoxide. Stein's comment was just a joke and was not even made in reference to the generator. At most, this evidence tends to show that the Andersons and their guests, who laughed at the joke, were generally aware that they might have been at risk of carbon monoxide poisoning on the boat.

But Setser's testimony was used to support a defense expert's theory that the Andersons knew, not just generally about the potential danger of carbon monoxide poisoning from the generator, but specifically that the generator had in fact been leaking carbon monoxide for some time. The expert testified that, in addition to physical evidence that the generator had been overheating, "there was other evidence of leakage that preexisted the evening of the incident." He referred to Stein's comment as something he would not expect somebody to be "joking about if carbon monoxide and leaking wasn't on my brain." He also referred to the symptoms of carbon monoxide exposure that Setser had experienced after leaving the boat and to the fact that the Andersons had purchased carbon monoxide detectors, which showed they were thinking about carbon monoxide a week before the incident. "So all of these, none of them are conclusive, but in the aggregate they tell me that there was probably a leak going on, that

*the Andersons probably knew that there was a leak going on,* and they're worried a little bit but they weren't worried enough about it to get it fixed right." (emphasis added). Even as part of an "aggregate" of circumstances, Stein's comment contributed to an unfairly prejudicial portrait of the Andersons as willfully disregarding the fact that lethal carbon monoxide was leaking from their generator. It was within the court's discretion to conclude that, on balance, the prejudicial impact of this evidence outweighed its limited probative value.

Moreover, none of the other circumstances on which the expert relied or any of the other evidence to which Kohler cites regarding the Andersons' awareness was of a similar tenor to Setser's testimony. Evidence that the Andersons had purchased carbon monoxide detectors, that they had been told of another friend's death by carbon monoxide poisoning caused by running a leaky generator overnight on her boat and that they had been told that salt water affects and corrodes boats and motors all relates to the Andersons' general awareness of the potential risk of a carbon monoxide leak on their boat. The physical evidence and Setser's symptoms of exposure relate to the fact that the generator had been leaking. But none of this evidence was used—as Setser's testimony was—to suggest that the Andersons knew that the generator was actually leaking carbon monoxide, did not fix it properly, and instead sat around the boat laughing about how they and their guests might die from carbon monoxide poisoning. Setser's testimony was not merely cumulative to other evidence.

 Although this Court may not have concluded, as the trial court did, that Stein's comment factored into the jury's assessment of comparative fault, given the

expert's use of that comment in his portrayal of the Andersons, it certainly could have. "The trial judge sits as an intimate observer and is in the best position to determine the effect admission of evidence has upon the case." *Nguyen By and Through Nguyen v. Haworth,* 916 S.W.2d 887, 889 (Mo.App. W.D.1996). Because reasonable people could disagree about whether to order a new trial in this case, we cannot say that the trial court's ruling was an abuse of discretion. *See Guzman,* 988 S.W.2d at 554.

■ If the court's new trial order can be sustained on any of the grounds specified in the motion for new trial, then we must affirm. *In re Care of Coffman,* 92 S.W.3d 245, 251 (Mo.App. E.D.2002). A new trial was properly granted on the basis of the erroneously admitted evidence. Point V is denied. As a result, Point I—in which Kohler argues that the order must be set aside because the court did not give notice of its intent to rely on state law as an additional basis for granting a new trial—is denied as moot.

## C. Points on Appeal Relating to Aggravating Circumstances Damages

■ The remaining issues on appeal relate to the propriety of aggravating circumstances damages—namely, whether the plaintiffs made a submissible case for such damages and whether the damages awarded were excessive under federal or state law. Kohler argues that because the plaintiffs did not make a submissible case for aggravating circumstances damages, no new trial should have been ordered despite the evidentiary error. The cases on which Kohler relies to support this argument are not applicable. In *Nettie's Flower Garden, Inc. v. SIS, Inc.,* this Court found that admission of certain evidence in the plaintiff's negligence case was erroneous and then addressed the submissibility of the negligence claim in deciding whether the evidentiary error warranted reversal of the jury's verdict for the plaintiff. 869 S.W.2d 226, 230 (Mo.App. E.D.1993). In that case, if there was not a submissible claim for negligence, then the plaintiffs were not entitled to a new trial regardless of any evidentiary error. In *Wright v. Over–The–Road and City Transfer Drivers, Helpers, Dockmen and Warehousemen,* the court addressed the submissibility of the sexual harassment claim before it addressed issues relating to the damages awarded on that claim because if the claim was not submissible, then the defendant would be entitled to a judgment notwithstanding the jury's verdict on that claim and the damages issues would be moot. 945 S.W.2d 481, 498 (Mo.App. W.D.1997). In *Community Title Co. v. Roosevelt Federal Savings and Loan Association,* following a verdict for the plaintiff, the defendant moved for JNOV or, alternatively, for a new trial. A new trial was granted because the verdict was against the weight of the evidence. But on the plaintiff's appeal, the Court found that the plaintiff failed to make a submissible case, so JNOV was the appropriate remedy and the new trial order was reversed. 796 S.W.2d 369, 371–74 (Mo. banc 1990).

Here, unlike the above cases, Kohler does not challenge the submissibility of the plaintiffs' claims for liability and compensatory damages. Moreover, submissibility of the claim for aggravating circumstances damages does not affect our review of whether the evidentiary error warranted a new trial on liability and compensatory damages. That is, even if there was not a submissible case for aggravating circumstances damages, a new trial was appropriate based on the evidentiary error. We recognize that the issue of submissibility may recur on retrial. But we are not in a position to speculate about what the evi-

dence on retrial will be or whether it will be sufficient to support submission of a claim for aggravating circumstances damages. We decline to render what would ultimately be an advisory opinion on these issues based on the evidence presented at the first trial. Points II through IV are denied as moot. *See Stonger ex rel. Stonger v. Riggs,* 85 S.W.3d 703, 709 (Mo.App. W.D.2002) (remand for new trial on instructional error regarding standard of care in negligence case rendered moot propriety of punitive damages instruction).

### III. CONCLUSION

The new trial order is affirmed.

CLIFFORD H. AHRENS, J., and NANNETTE A. BAKER, J., concurring.