

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LISA J. RALEY, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD85971 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | December 26, 2023 |
| HY-VEE, INC., | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable Louis Angles, Judge**

**Before Division Two:** Janet Sutton, Presiding Judge, and
Alok Ahuja and Mark D. Pfeiffer, Judges

Hy-Vee, Inc. ("Appellant" or "Hy-Vee"), appeals from the Circuit Court of Clay

County, Missouri's ("trial court") ruling granting a new trial following entry of a "no

fault" jury verdict on Ms. Lisa J. Raley's ("Raley") personal injury claim against Hy-Vee.

We reverse and remand the case for further proceedings consistent with our ruling today.

### Factual and Procedural Background

The genesis of this case began on September 20, 2020, when Raley slipped and

fell in a grocery store owned and operated by Hy-Vee. On December 10, 2020, Raley

filed a Petition for Damages ("Petition") against Hy-Vee in the trial court. The Petition alleged Raley's fall was the "direct and proximate result of the negligence of [Hy-Vee]."

On November 14, 2022, a jury trial commenced on Raley's personal injury claim. The parties agreed that a number of Raley's medical records would be marked and admitted as exhibits by the trial court. The admitted exhibits relevant to this appeal reflected evidence of physical complaints *prior* to Raley's slip and fall at Hy-Vee that were similar to the complaints of physical injury Raley claimed were caused by her slip and fall at Hy-Vee. During Hy-Vee's cross-examination of Raley, Hy-Vee sought to publish one of the admitted medical records, marked as Exhibit 125, to the jury. At Raley's counsel's request, the parties then approached the bench where Raley's counsel objected to publication of Exhibit 125.

During the bench conference, Raley's counsel argued that Exhibit 125 should not be published because "[t]here could be insurance information in there. There's all kinds of things." Hy-Vee's counsel responded that Exhibit 125 should be published because "if the exhibit was admitted, it's admitted." Ultimately, the trial court overruled the objection and allowed Hy-Vee's counsel to publish Exhibit 125 to the jury. The trial court also permitted Hy-Vee's counsel to show Exhibit 125 to Raley to refresh her recollection (as to her pre-existing medical conditions) when cross-examination resumed.

Shortly thereafter, Hy-Vee's counsel attempted to publish a second medical record of Raley marked as Exhibit 128, which was also previously admitted without objection, to the jury. Raley's counsel made the same objection to publication, this time within the hearing of the jury. Hy-Vee's counsel responded to the objection, also within the hearing

2

of the jury, by repeating the same response previously provided to the trial court regarding Exhibit 125: "It's been admitted, the jury has the right to see the exhibit." The trial court immediately called for a recess to speak with counsel in chambers. The recess was not requested by either party.

No transcript was made of the in-chambers meeting and the trial court never ruled on the publication objection to Exhibit 128. After the recess, Hy-Vee's counsel resumed cross-examining Raley, using Exhibit 128. The case was submitted to the jury on November 16, 2022. That same day, the jury returned a verdict assessing 0% fault to Raley and 0% fault to Hy-Vee and, consequently, did not address the topic of Raley's damages. On November 22, 2022, the trial court entered judgment consistent with that verdict. On December 20, 2022, Raley filed a motion for new trial.

Raley's motion for new trial alleged in relevant part that, "there was plain error resulting in prejudice, manifest injustice, and/or a miscarriage of justice that affected [Raley's] substantial rights in that defense counsel in trial argued and by inference suggested that the [trial court] and [Raley's] counsel were trying to hide things from the jury." Hy-Vee filed suggestions in opposition and moved to strike Raley's motion for new trial. On January 6, 2023, the trial court issued its ruling denying Hy-Vee's motion to strike and granting a new trial. The trial court explained its ruling in a single paragraph as follows:

> For good cause shown, the Court grants a new trial on the basis of plain error. The Court finds Defendant's Attorney. . . , in response to the Court sustaining one of Plaintiff's objections to admittance of certain records, responded defiantly to the Court (in the presence of the jury) that "the jury should be allowed to see the evidence[.]" Defendant's statement

3

to the Court was improper and prejudicial. The outburst further required the Court to interrupt the trial and call an immediate recess. During the recess, the Court met with all of the attorneys outside the presence of the jury, thus creating a heightened suspicion among the jurors. The Court believes this incident was prejudicial to the Plaintiff's case and resulted in a miscarriage of justice because the statement by defense counsel conveyed to the jury members that evidence was being kept from being considered by the jury[.]

Hy-Vee timely appealed. Additional relevant facts appear in our analysis below.

## Points on Appeal

Hy-Vee asserts two points on appeal. In Point I, Hy-Vee argues the trial court erred by granting Raley a new trial because Raley waived her right to appeal by not objecting to defense counsel's response to the objection of Exhibit 128 at the time it was made, and further, that there was no plain error authorizing the trial court to grant a new trial. In Point II, Hy-Vee argues the trial court erred by granting Raley a new trial because Raley did not show she was entitled to plain error review and there was no prejudice meriting a new trial.

## Standard of Review

"On a motion for new trial, a trial court may reconsider its rulings on discretionary matters and may order a new trial if it believes its discretion was not wisely exercised and that the losing party was thereby prejudiced." *Cooper v. Ketcherside*, 907 S.W.2d 259, 260 (Mo. App. W.D. 1995) (internal quotation marks omitted) (quoting *State ex rel. Mo. Highway & Transp. Comm'n v. Pedroley*, 873 S.W.2d 949, 953 (Mo. App. E.D. 1994)). "When a trial court grants a new trial for specific reasons, its ruling is deemed a rejection of all the other grounds asserted by the movant." *Dick v. Child.'s Mercy Hosp.*, 140

4

S.W.3d 131, 136 (Mo. App. W.D. 2004). "On appeal from an order granting a new trial for a specific reason the burden is on appellant to show that the court erred in sustaining the motion upon the ground specified." *Andersen v. Osmon*, 217 S.W.3d 375, 378 (Mo. App. W.D. 2007) (internal quotation mark omitted).

The trial court is vested with broad discretion to grant a new trial, and our review gives substantial deference to such ruling. *Wagner v. Mortg. Info. Servs., Inc.*, 261 S.W.3d 625, 636 (Mo. App. W.D. 2008); Rule 78.01;[1] *see also* Rule 78.08. In reviewing a trial court's decision to sustain a motion for new trial, this Court applies "a rule of greater liberality . . . than in denying it." *Damon Pursell Constr. Co. v. Mo. Highway & Transp. Comm'n*, 192 S.W.3d 461, 469 (Mo. App. W.D. 2006) (internal quotation marks and citation omitted). An abuse of this broad discretion will be found only "when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]" *Id.* (internal quotation marks omitted) (alteration in original) (quoting *Pasalich v. Swanson*, 89 S.W.3d 555, 559 (Mo. App. W.D. 2002)). "We do not reweigh the evidence when a party appeals the motion court's grant of a motion for new trial; we focus only on whether the court's decision constitutes an abuse of discretion." *Larsen v. Union Pac. R.R. Co.*, 503 S.W.3d 213, 223-24 (Mo. App. W.D. 2016).

---

[1] Statutory references are to the REVISED STATUTES OF MISSOURI 2017, unless otherwise indicated.

**Analysis**

As an initial matter, we must define the scope of our review. The trial court granted a new trial based on the "defiant" statement ("the Statement") made by Hy-Vee's counsel that "the jury should be allowed to see the evidence"[2] and the purported suspicions raised by the ensuing recess the trial court took as a result. Our review for abuse of discretion is limited to those stated reasons. *See Dick*, 140 S.W.3d at 136. With these limitations in mind, we turn to Appellant's arguments.

**I.**

In its first point on appeal, Hy-Vee contends the trial court erred in granting Raley's motion for new trial because (1) Raley waived any claim of error by not objecting or otherwise seeking remedial relief relating to the Statement during the trial, and (2) there was no plain error authorizing the trial court to grant a new trial.

We have long recognized that "where a party does not object to argument he deems improper he may not thereafter object on appeal." *Goodman v. Firmin Desloge Hosp.*, 540 S.W.2d 907, 917 (Mo. App. 1976). But this rule only applies to a party appealing the denial of a motion for new trial, not a party appealing the grant of such a motion. *Wagner*, 261 S.W.3d at 636-37. As we explained in *Wagner*:

---

[2] The trial court misquoted Hy-Vee's counsel's statement as "the jury should be allowed to see the evidence." Hy-Vee's counsel *actually* said, "It's been admitted, the Jury has the right to see *the exhibit*." Further, though the trial court suggests that Hy-Vee's counsel was "defiant" in response to the trial court "sustaining one of Plaintiff's objections to admittance of certain records," the trial court did *not* "sustain" an objection to admission of Exhibit 128 because that exhibit *had already been admitted*. Thus, as we explain in our ruling, the trial court's ruling rests on a completely inaccurate foundation.

> "On appeal, when a party claims error because the trial court *denied* that party a new trial, the party ordinarily must have made a proper and timely objection to the claimed error to preserve it for review; but, when, as here, a party claims error because the trial court *granted* the opposing party a new trial, the opposing party need not have made an objection to the error upon which the trial court granted a new trial."

*Id*. (internal quotation marks omitted) (*Pasalich*, 89 S.W.3d at 562).

Hy-Vee's waiver argument ignores this "meaningful distinction." *Steward v. Goetz*, 945 S.W.2d 520, 527-28 (Mo. App. E.D. 1997). Because Hy-Vee is appealing the trial court's decision to grant a new trial to Raley, Raley was not required to object. However, whether Raley objected is largely irrelevant under the facts at issue because the Statement was not explicitly raised in her motion for new trial. In that motion and supporting suggestions, Raley argued Plaintiff suffered a miscarriage of justice because Hy-Vee's counsel "argued and by inference suggested that the Court and Plaintiff's counsel were trying to hide things from the jury, and at one point said: 'why don't you want the jury to see it,' all within the hearing of the jury." The language quoted by Raley as having a prejudicial effect differs substantially from the Statement to which we confine our review.[3] It appears the trial court opted *sua sponte* to find plain error based on the Statement. Thus, our inquiry becomes whether the trial court had authority to grant a new trial based on a *sua sponte* assertion of plain error.

---

[3] A review of the trial transcript shows that the language quoted by Raley was made by Hy-Vee in response to Raley's objection to Exhibit 125 (not Exhibit 128). Hy-Vee's response with respect to that exhibit occurred at the bench *outside the hearing of the jury*.

Hy-Vee argues the trial court did not have authority to grant a new trial because it relied on an appellate standard to find plain error.  Specifically, Hy-Vee asserts the trial court lacked discretion to rely on Rule 84.13(c)—the plain error standard cited by Plaintiff in support of her motion for new trial.  *Id*.  Rule 84.13(c) states, "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

Hy-Vee is correct that *Raley* cited Rule 84.13(c) and that Rule 84.13(c) is a rule governing appellate procedure.  But, the *trial court's* Order for New Trial does *not* state that it applied Rule 84.13(c).  And, as noted above, the trial court did not rely on Raley's arguments when making its decision to grant a new trial.  Further, Missouri law provides a vehicle for trial courts to grant a new trial where they have plainly erred via Rule 78.08:

> Plain errors affecting substantial rights may be considered at a hearing on motion for a new trial, in the discretion of the court, though **not raised in the motion or defectively raised**, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

(Emphasis added.)  Accordingly, Hy-Vee's argument that the trial court lacked authority to grant a new trial on its own finding of plain error is without merit.  Even though the Statement was not raised by objection, or in Raley's Motion for new trial, the trial court had the authority to consider the Statement as a ground for granting Raley a new trial under Rule 78.08.

Hy-Vee next argues no plain error justified a new trial.  We agree.  While the trial court had the authority, procedurally, to grant a new trial, that procedural authority does

not necessitate a conclusion that a new trial was substantively merited. It is "the inherent privilege of the [trial] court, upon subsequent deliberate, unhurried consideration, to reverse the ruling it had made under the stress and pressure of trial urgency," *Aulgur v. Zylich*, 390 S.W.2d 553, 557 (Mo. App. 1965). However, our precedent dictates that such relief should be limited to errors "so prejudicial that a party did not receive a fair trial." *McCormack v. Cap. Elec. Constr. Co.*, 159 S.W.3d 387, 398 (Mo. App. W.D. 2004). For example, in *Bean v. Superior Bowen Asphalt Co., LLC*, 340 S.W.3d 275, 279-80 (Mo. App. W.D. 2011), we affirmed the grant of a new trial where the trial court was "unable to rectify" inconsistent jury instructions pre-verdict, and as a result, the jury's confusion on a question of comparative fault impacted the damage award to the detriment of a party.

Here, the requisite prejudice is not evident.[4] Exhibit 128 related to pre-existing injuries sustained by Raley to her back and lower extremities. Its publication, or lack thereof, had no bearing on whether Hy-Vee acted *negligently*. Rather, Exhibit 128's probative value was confined to *damages* related to Raley's slip and fall. The jury returned a "no fault" verdict, so unlike in *Bean*, any confusion wrought by the exhibit or the Statement about the exhibit did not impact the verdict because the jury did not reach the question of damages. The trial court's action, therefore, constitutes an abuse of

---

[4] "[W]e have the right to review the trial court's finding of prejudice" on an appeal from a grant of new trial. *MFA Oil Co. v. Robertson-Williams Transp., Inc.*, 18 S.W.3d 437, 440 (Mo. App. W.D. 2000).

discretion because it is attempting to correct an alleged perception of prejudicial error for an exhibit the jury *did not even consider*.

And, while it would have been better practice for the parties to address Raley's objection at the bench, we do not share the trial court's conclusion that the Statement "conveyed to the jury members that evidence was being kept from being considered by the jury." Critically, the Statement as it appears in the trial court's order granting new trial misquotes Hy-Vee's counsel. Hy-Vee's counsel did *not* say "the jury should be allowed to see *the evidence*," but rather, "It's been admitted, the jury has the right to see *the exhibit*." Looking at the trial transcript, it is obvious Hy-Vee's counsel was referring to Exhibit 128 when the Statement was made:

> **Q. [By Hy-Vee's Counsel]**: I'll hand you what's been marked as Exhibit 128.
>
> **Hy-Vee's Counsel**: I want to publish to the Jury.
>
> **Raley's Counsel**: We have the same objection, Your Honor.
>
> **Hy-Vee's Counsel**: It's been admitted, the Jury has the right to see the exhibit.

While Hy-Vee's counsel may have spoken out of turn,[5] her words did not imply that Raley's counsel was ferreting away some unnamed piece of evidence from the jury's consideration. Rather, she was asking permission to publish the *pre-admitted* medical record marked as Exhibit 128.

Immediately upon returning from the in-chambers recess, Hy-Vee's counsel resumed her questioning of Raley with the following exchange:

---

[5] Conversely, it's hard to suggest that Hy-Vee's counsel was "out of turn," since she was entitled to respond to the objection that was lodged by Raley's counsel.

10

**Q. [By Hy-Vee's Counsel]**: You have Exhibit 128 in front of you, correct?

**A**. Yes.

Hy-Vee's counsel was then permitted to question Raley about the contents of Exhibit 128. Therefore, to the extent the jury was harboring feelings of curiosity or suspicion over the contents of Exhibit 128, any intrigue was quickly dispelled.

The circumstances preceding Raley's objection to publication of Exhibit 128 further dispel any finding of prejudice. Immediately before the introduction of Exhibit 128, the jury observed a similar course of events play out with respect to Exhibit 125. Hy-Vee's counsel handed Raley Exhibit 125, had a conversation with the trial court and opposing counsel outside the hearing of the jury, and then proceeded to question Raley about the contents of Exhibit 125. If the jury's suspicion was not "heightened" with respect to Exhibit 125, it is hard to see how a nearly identical introduction of Exhibit 128 could have prejudicial effect. As noted above, it clearly did not have such an effect because the presentation of these *damages* exhibits did not impact the jury's verdict finding no *negligence* on the part of Hy-Vee.

Finally, unlike the trial court in *Bean*, the trial court in this case could have taken some form of remedial action at the time of the Statement,[6] but the trial court elected not to do so. Instead, the trial court ordered the parties back into chambers. Then, *without issuing a ruling on Raley's publication objection to Exhibit 128*, allowed Hy-Vee's

---

[6] *See Hill v. Hyde*, 14 S.W.3d 294, 297 (Mo. App. W.D. 2000) ("A trial court has inherent power to take corrective action before the verdict is recorded and made part of the judgment.").

11

counsel to utilize Exhibit 128 in the continuation of her presentation of evidence, make closing arguments, and submit the case to the jury. Not only did the trial court fail to make a ruling on Raley's *publication* objection to Exhibit 128, the trial court then inaccurately suggests in its new trial ruling that Hy-Vee's counsel's response to Raley's objection was in "defiance" to the trial court "sustaining" an objection as to *admissibility* of Exhibit 128. The trial court made no such ruling "sustaining" an objection to admissibility of Exhibit 128; instead, Exhibit 128 had already been *admitted* into evidence. The trial court's confusion on this topic may explain the foundation for its abuse of discretion in granting a new trial.

Ultimately, it was only *after* the no-fault verdict was returned, *after* the trial court had recorded the judgment consistent with the jury's verdict, and *after* Raley moved for a new trial, that the trial court seemingly decided the Statement left the jury with the impression that Raley was keeping evidence from the jury.

Although we are required "to indulge every reasonable inference in favor of the trial court" when reviewing the grant of a new trial, reversal for abuse of discretion is proper "when the trial court's ruling is clearly against the logic of the circumstances." *Damon Pursell*, 192 S.W.3d at 469 (internal quotation marks omitted). Here, we find the trial court abused its discretion because its grant of a new trial was clearly against the logic and circumstances.

Point I is granted on that basis.

## II.

In its second point on appeal, Hy-Vee contends the trial court erred in granting Raley's Motion for New Trial because (1) Raley did not meet her burden for "showing why plain error review was proper," and (2) there was no plain error because there was no prejudice.

Given our rulings in Point I, we will not belabor our analysis of Point II. Raley did not need to show an entitlement to plain error review because the trial court had authority to act on its own motion pursuant to Rule 78.08. However, reversal is still merited because there was no plain error resulting in manifest injustice. The trial court abused its discretion as fully set forth in Point I, and Point II is granted for the reason therein stated.

## Conclusion

Points I and II are granted because the trial court abused its discretion in granting a new trial. The trial court's ruling awarding a new trial to Raley is reversed. This cause is remanded to the trial court for entry of judgment in accordance with the jury verdict.

_____
Mark D. Pfeiffer, Judge

Janet Sutton, Presiding Judge, and Alok Ahuja, Judge, concur.

13